UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Case no.

13-789

CHANDAR A. SNOW, Pro-Se,
              Plaintiff, Petitioner,

V.                                    COMPLAINT


UNITED STATES OF AMERICA, WARDEN, ET. AL.,
              Defendant, Respondent,

## I. JURISDICTION and VENUE

1.) This is a civil action authorized by a "Bivens Action" to redress the deprivation, under color of Federal law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. § 1331 and Section 1396(b) of Title 28 of the United States Code. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.) The United States District Court for the Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. §§ 1391(b)(2) because it is where the events giving rise to this claim occurred.

FILED
SCRANTON

MAR 27 2013

## II. PLAINTIFFS

(1)

PER _____

3.) Plaintiff, Chandar A. Snow is and was at all times mentioned herein a prisoner of the State of Pennsylvania in the custody of the Federal Bureaus of Prisons. He is currently confined in Lewisburg-USP, Special Management Unit, in Lewisburg, Pennsylvania.

## II DEFENDANTS

4.) Defendant, Charles E. Samuels is the Regional Director of Federal Bureau of Prisons. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Lewisburg USP, Special Management Unit (SMU).

5.) Defendant, B.A. Bledsoe is the Warden of USP-Lewisburg. He is legally responsible for the operation of USP-Lewisburg, and for the welfare of all the inmates in that prison.

6.) Defedants, Special Ambulatory Restraints Team are correctional officers of the Federal Bureau of Prisons who, at all times mentioned in this complaint, held the rank of quarterly position, binded for and was assigned to Lewisburg USP.

7.) Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of Federal Law.

## III. FACTS

8.) On May 13, 2011 I, Chandar A. Snow arrived at (USP-Lewisburg, Special Management Unit (SMU) and was placed in D-block First Floor. Three days or being here I asked to speak to psychology about mental illness, stress, my innocence in my case, my current living and family problems. I was seen by a psychologist here Dr. Cannon and asked why and how can Lewisburg psychology department help me. I stated, "When do a man or woman in their life should say enough is enough after and knowing their standing on the absolute truth?!" Dr. Cannon asked me to excuse him for a moment to review my central files. (psych.) He came back and said, I'm going to put you on suicide watch for a few days. This conversation happen on a Friday, so I had to spend the weekend on suicide-watch. In the Federal Bureaus of Prison (FBOP) they have a thing called "Inmate Companion". Where inmates get paid to sit and watch, monitor inmates through a window and log their every movement. And if it's on a weekend, a psychologist comes in and talk to the inmate thats on suicide-watch to see where he or she's at to remove them from suicide-watch and back to normal functioning of the prison. I've never been on suicide-watch before for stating my true feelings to psychology. So, I remained silent through out the whole weekend. I didn't say one word to staff or inmates. When Monday arrived, I remained silent when Dr. Cannon came again to see me. After keeping silent through his whole interview. Dr. Cannon stated that, "If you don't speak to

(3)

me, I got to turn you case over to the Captain of the prison. I still kept silent. 20-minutes later, the Special Ambulatory Restraint Team was at the suicide-watch with a L.t. and camera and order me to cuff-out. I did with no recessences. I was stripped down naked. Made to put on paper clothes, then the Team put the restraints on me super-tight. Around my wrist, chest and legs. The nurse checked my restraints after acknowledging (but without stating it) that my restraints was on too tight. Then approving my restraints was alright to be taken to a restraint cell. Then when I was in restraints with another inmate in restraints, I was given an incident report of why I was put in restraints. In the incident it stated that I threaten my cellie. Lastly, the next day I was taken out restraints with my nerves in my hands messed-up. And scars to my bones around my wrist and ~~knuckles~~ legs. (also lower chest, side of stomach)

I was in the Sixth Circuit Court of Appeals fighting actually innocence for the case I'm incarcerated for. I couldn't respond to the Sixth Circuits offer. And /nor write the Sixth Circuit to change my address from USP Coleman, FL to Lewisburg USP-(SMU). I outcome was I lost my case for being 7 days late because my nerves in my hands was messed-up so bad I couldn't write for weeks. After years trying to get in the Courts.

A few months, I was seen by the Disciplinary Hearing Officer (D.H.O) to sanction me on my incident report for threatening my cellie that supposely I did to get in ambulatory restraints. Which is a serious incident report according to (FBOP) standards, to have if your

(4)

Files. The D.H.O asked me did I do it and what I have to say in my defense. I took him thats it is a lie because First of all, I never had a cellie on suicide-watch and you cant have a cellie, this is all Log in the "Inmate Companions" Log. Then I asked him, Let's just say, for the sake of argument, I made that threat. (Which I positively didn't) IF I made a threat like that, wouldn't suicide-watch be the appropriate and safe place for me to be? The D.H.O. never asked this question and postponed my hearing to review the log. Then when I came back after he review the log. He said, the secretary seen me talking to Dr. Cannon and then he put me on suicide-watch. I told him, I told him to review the "Inmate's Companion" Log and the psychologist that came in on the weekend to see me. I said I never spoke to them. He found me guilty for threating my cellie that I never had.

9.) I then filed my administrative remedies to be sent to Terre Haute, Indiana deathhouse to be executed because I'm being tortured here at Lewisburg USP (SMU). I was denied on everything. I have all exhibit and documents I will show to the court very soon. Because I had to protect all my documents from the mistreatment here to me.

## IV. EXHAUSTION OF LEGAL REMEDIES

10.) I will amend all administrative remedies, affidavits, documents and exhibits to this Complaint very

(5)

shortly. I had to put all my important Legal papers away because of the mistreatment and torture thats been done to me and is being done to me.

## V. LEGAL CLAIMS

11.) Plaintiffs reallege and incorporate by reference paragraphs and pages

12.) The Federal Violations are torture etc... This violated plaintiff Chandar A. Snow rights and constituted cruel and unusual punishment, rights under the Eighth or Fourteenth Amendment to the United States Constitution. Also First Amendment, for access to the Courts.

13.) The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been, and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

14.) WHEREFORE, plaintiff respectfully prays that this Court enter judgment granting plaintiff;

15.) A declaration that the Facts and omissions

(6)

described herein violated plaintiff's rights under the Constitution and laws of the United States.

16.) A preliminary and permanent injunction ordering defendants B.A. Bledsoe ET.AL., to stop assaulting and torturing me while I'm in USP-Lewisburg (SMU) program.

17.) Compensatory damages in the amount of $150,000.00 against each defendant, jointly and severally.

18.) Punitive damages in the amount of $250,000.00 against each defendant.

19.) A jury trial on all issues triable by jury.

20.) Plaintiff's costs in this suit

21.) Any additional relief this court deem just, proper, and equitable.

Dated: Chandar A. Snow
3/20/13    Respectfully Submitted,
          Chandar A. Snow
          Reg# 07314-040
          USP-Lewisburg
          P.O. Box-1000
          Lewisburg, Pa 17837

(7)

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under 28 U.S.C. §§ 1746 penalty of perjury that the foregoing is true and correct.

date: 3/20/13

/s/ Chandar A. Snow
Chandar A. Snow

Inmate Name: Chanda A. Snow
Register Number: 07314-040
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

No Fee Enclosed

RSB 3/2/13

RECEIVED
SCRANTON
MAR 27 2013
PER _____
DEPUTY CLERK



U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837
DATE MAR 26 2013

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS NEITHER BEEN OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

To The United Middle P.O. Box Scranton

*Mail*