IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANDAR A. SNOW, | : | CIVIL ACTION NO. **3:CV-13-0789** |
| Plaintiff | : | (Judge Captuo) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

FILED SCRANTON
OCT 02 2013
PER MS
DEPUTY CLERK

## MEMORANDUM AND ORDER

**I.    INTRODUCTION**

On March 27, 2013, Plaintiff Chandar A. Snow[1], an inmate at USP-Lewisburg located in Lewisburg, Pennsylvania, filed, *pro se*, this instant *Bivens*[2] civil action, pursuant to 28 U.S.C. §1331. (Doc. 1). Plaintiff's Complaint consists of eight (8) hand-written, single-spaced pages. (*Id.*). Plaintiff also filed a 2-page, hand-written Affidavit in support of his

---

[1] Plaintiff Snow filed a prior §2241 habeas petition against USP-Lewisburg Warden Bledsoe on May 11, 2012. See 3:CV-12-0882, M.D. Pa. On September 18, 2012, the Court adopted our R&R and dismissed Snow's habeas petition. Snow filed a Notice of Appeal with the Third Circuit Court of Appeal, and the third Circuit affirmed the District Court's September 18, 2012 Order.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is a *Bivens* action because Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. See *Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

Complaint consisting of 15 sentences. (Doc. 1-1). On March 27, 2013, Plaintiff filed a Motion for Leave to proceed *in forma pauperis* and used an improper form. (Doc. 2). On April 8, 2013 Plaintiff filed a second Motion for Leave to Proceed *in forma pauperis* using the proper form. (Doc. 5). Furthermore, Plaintiff correctly states that the Court has jurisdiction over his Complaint pursuant to 28 U.S.C. § 1331 and 1343(a)(3). (Doc. 1, p. 1).

On April 16, 2013, we issued a Report and Recommendation recommending that the Court:

1. **DISMISS WITH PREJUDICE** Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities.

2. **DISMISS WITH PREJUDICE** Defendants BOP Regional Director Samuels and United States of America.

3. **DISMISS WITHOUT PREJUDICE** Plaintiff's claim that he was wrongfully charged and convicted by the DHO of threatening his cell-mate.

4. **DISMISS WITH PREJUDICE** Plaintiff's request for Declaratory Judgment.

5. **DISMISS WITHOUT PREJUDICE** Defendant Warden Bledsoe.

6. **ALLOW PLAINTIFF TO AMEND** his Eighth Amendment excessive force claim, his Eighth Amendment denial of access to medical care claim, and his First Amendment denial of access to courts claim in order to properly allege the personal involvement of each prison official regarding each claim.

(Doc. 8).

On July 17, 2013, the Court adopted our Report and Recommendation in its entirety

and ordered Plaintiff to file an amended Complaint consistent with the Report and Recommendation within thirty (30) days. (Doc. 10). The Court further granted Plaintiff's Motion to proceed in forma pauperis. (Id.). On August 19, 2013, Plaintiff filed a Motion for extension of time to file an amended Complaint which we granted on August 21, 2013. (Docs. 11, 12). On September 23, 2013, Plaintiff filed a Motion to Appoint Counsel. (Doc. 13). On September 23, 2013, Plaintiff filed a Notice of Interlocutory Appeal in Prisoner Case to the Third Circuit Court of Appeals. We must caution Plaintiff that his appeal to the Third Circuit Court of Appeals does not stay Plaintiff's case in this Court. To date Plaintiff has not filed aWe will now discuss Plaintiff's Motion to Appoint Counsel. (Id.).

## II. DISCUSSION

Plaintiff states in his motion that he is unable to afford counsel. (Doc. 13, p. 1). Plaintiff also states that his imprisonment will greatly limit his ability to litigate his case. (Id.). Plaintiff further states that the case will likely involve substantial investigation and discovery. (Id.). Furthermore, Plaintiff states that he is in SMU where he is locked down for twenty-three (23) hours and the use of the computer in the library in his unit is very limited. (Id.). Additionally, Plaintiff states that the case involves complex issues of fact and law. (Id.). Plaintiff does not have a constitutional right to appointed counsel. The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Id.* However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel."

3

> *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (citing *Tabron v. Grace*, 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron*, 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id.*

Based on these factors, we find that Plaintiff's Document 13 Motion for Appointment of Counsel should be denied. Plaintiff has clearly demonstrated an ability to present his own case based on his Complaint. (Doc. 1). Plaintiff's pleadings demonstrate that he can write proper English, present his arguments in an intelligent manner, and cite relevant law. Moreover, there are no difficult and complex legal issues involved in this case. Any factual investigation that the Plaintiff has to do is minimal, as it is clear based on his Complaint (Doc. 1) that Plaintiff is well aware of the basis of his claims. Additionally, it is does not appear that this case will require testimony from expert witnesses.

Plaintiff is proceeding *in forma pauperis*. (Doc. 10). Thus, even if Plaintiff does not have the financial resources and time to properly prepare his case, it is premature to say if this case will go to trial. Even if this case does go to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or paid by the government. *See Victor v. Lawler*,

2010 WL 2326248, *3-*4 (M.D. Pa. 6-2-10)(the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa. This is also true even if the Plaintiff is proceeding *in forma pauperis*.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *See also Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.

In *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa.), this Court denied an inmate Plaintiff's Motion to appoint a medical expert to assist with his case and stated that "we do not have the authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin." *See also Atwell v. Lavan*, 557 F. Supp. 2d 532, 557 (M.D. Pa.2008)(denial of inmate Plaintiff's request, in civil rights action, for subsidized copies and postage paid by prison staff did not amount to First Amendment claim of denial of access to the courts); *Hodge v. U.S.*, 2009 WL 2843332, *4-*5(M.D. Pa.)(*in forma pauperis* Plaintiffs, including *pro se* inmates, are responsible for their litigation fees in civil actions); *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993)(court had no authority to pay for Plaintiff's deposition transcript);

5

*Wilkerson v. U.S.*, Civil No. 07-2228 (M.D. Pa. 4-20-09)(court denied *in forma pauperis* Plaintiff's motion for independent medical exam). Thus, this Court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. Also, the Court simply will not appoint Plaintiff an attorney so that the attorney will have to use his or her own money to prepare Plaintiff's case.

**III.  ORDER**

AND NOW, this 2nd day of **October**, 2013, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Appointment of Counsel **(Doc. 13)** is **DENIED**. In the event the circumstances of this case should change, the Court will consider a new application for counsel at such time.

**FURTHERMORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff shall file an amended complaint within **fifteen (15) days** of the date of this Order.

2. The amended complaint shall properly allege claims consistent with our Report and Recommendation (Doc. 8).

3. The amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint".

4. The amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The amended complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).

5. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 2, 2013**