IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANDAR A. SNOW, | : | CIVIL ACTION NO. **3:CV-13-0789** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

## I.     **BACKGROUND.**

On March 27, 2013, Plaintiff Chandar A. Snow[1], an inmate at USP-Lewisburg located

in Lewisburg, Pennsylvania, filed, *pro se*, this instant *Bivens*[2] civil action, pursuant to 28

U.S.C. §1331.  (Doc. 1).  On March 27, 2013, Plaintiff filed a Motion for Leave to proceed *in*

*forma pauperis* and used an improper form.  (Doc. 2).  On April 8, 2013 Plaintiff filed a

second Motion for Leave to Proceed *in forma pauperis* using the proper form.  (Doc. 5).  The

---

[1]Plaintiff Snow filed a prior §2241 habeas petition against USP-Lewisburg Warden
Bledsoe on May 11, 2012. *See* 3:CV-12-0882, M.D. Pa.  On September 18, 2012, the Court
adopted our R&R and dismissed Snow's habeas petition.  Snow filed a Notice of Appeal with
the Third Circuit Court of Appeal, and the third Circuit affirmed the District Court's September
18, 2012 Order.

[2]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct.
1999 (1971).  Plaintiff 's instant action falls within 28 U.S.C. § 1331 ("The district courts shall
have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).  This case is a *Bivens* action because Plaintiff seeks monetary
damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v.
Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D.
Pa.).

Court has jurisdiction over his Complaint pursuant to 28 U.S.C. § 1331 and 1343(a)(3).

(Doc. 1, p. 1). On April 16, 2013, we screened Plaintiff's Complaint in accordance with §

1915 of the PLRA and issued a Report and Recommendation recommending the following:

1. **DISMISS WITH PREJUDICE** Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities.

2. **DISMISS WITH PREJUDICE** Defendants BOP Regional Director Samuels and United States of America.

3. **DISMISS WITHOUT PREJUDICE** Plaintiff's claim that he was wrongfully charged and convicted by the DHO of threatening his cell-mate.

4. **DISMISS WITH PREJUDICE** Plaintiff's request for Declaratory Judgment.

5. **DISMISS WITHOUT PREJUDICE** Defendant Warden Bledsoe.

6. **ALLOW PLAINTIFF TO AMEND** his Eighth Amendment excessive force claim, his Eighth Amendment denial of access to medical care claim, and his First Amendment denial of access to courts claim in order to properly allege the personal involvement of each prison official regarding each claim.

(Doc. 8).

On July 17, 2013, the Court adopted our Report and Recommendation. (Doc. 10).

The Court further granted Plaintiff's *in forma pauperis* Motion. (*Id.*). On September 23,

2013, Plaintiff filed an appeal to the Third Circuit regarding the Court's July 17, 2013 Order

docketed as USCA Case Number 13-3979 which is currently pending. (Docs. 14, 16). After

extensions of time were granted, Plaintiff filed an Amended Complaint on October 21, 2013.

We will now screen Plaintiff's Amended Complaint in accordance with § 1915 of the PLRA.

Also, on October 21, 2013, Plaintiff filed a Motion for a Preliminary Injunction and Brief in support of same[3]. (Docs. 17, 18).

## II. STANDARDS OF REVIEW.

### A. PLRA

The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[3]We will not rule on the Plaintiff's Motion for a Preliminary Injunction until the Court rules on this Report and Recommendation and the Defendants are served, thus allowing Defendants time to respond to Plaintiff's allegations. As the Court stated in *Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144 (3d Cir. 2008), the Plaintiff in a civil rights action who filed a motion for preliminary injunction "was required to show that he was likely to succeed on the merits of his claims, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the Defendants and was in the public interest."(citation omitted). *See also Ball v. SCI-Muncy*, 2010 WL 4352929, *4 (M.D. Pa. 10-27-10).

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

**B.** *BIVENS* **STANDARD**

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil

rights action. In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen
> suffering a compensable injury to a constitutionally protected
> interest [to] invoke the general federal-question jurisdiction of the
> district court to obtain an award of monetary damages against the
> responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504,
> 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought
> under Bivens is the federal counterpart to an action brought under
> 42 U.S.C. § 1983, and the same legal principles governing a § 1983
> claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d
> 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d
> Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3
> (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff
> must show that the defendant, acting under color of Federal law,
> deprived him of a right secured by the Constitution or laws of the
> United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at
> *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C.
> § 1983. Individual liability in a civil rights action is personal in
> nature, and a defendant is liable only if he was personally,
> affirmatively involved in the alleged malfeasance. *C.N. v.
> Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005);
> *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294
> (3d Cir.1997), abrogated in part on other grounds by *Burlington N.
> & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165
> L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195,
> 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is
> inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that
> each Government-official defendant, through the official's own
> individual actions, has violated the constitution." *Ashcroft v. Iqbal*, -
> -- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d
> 868 (2009) (collecting cases).

It is well-established that personal liability in a civil rights action cannot be imposed upon an

official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976);

*Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.* It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability. *See Rode,* 845 F.2d at 1208.

In screening a Complaint under the PLRA, the Court uses the same standard that it uses to determine a Rule 12(b)(6) Motion to Dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

## C.    MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's

decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III.     AMENDED COMPLAINT ALLEGATIONS.

In his Amended Complaint filed on October 21, 2013, Plaintiff Snow alleges that the

Defendants, namely, U.S. Department of Justice, Federal Bureau of Prisons, Dr. Cannon;

Psychologist, Heather Ladisic, S. Snider; Deputy Captain, The Captain, J.E. Thomas; Warden, T. Brink, Charles E. Samuels; Regional Director of BOP, A. Jordan; Disciplinary Hearing Officer, Beverly Prince; Medical assistance, Nichols; Case Manager of D-Block, Edinger; Counselor for D-Block, Lieutenant Johnson and Lieutenant Sherman, all in their individual and official capacities were deliberately indifferent and have violated his rights. (Doc. 1, p. 2). As noted, Plaintiff states that each Defendant is being sued individually and in his or her official capacities. (*Id*.).

Plaintiff alleges that on May 13, 2011, he arrived at USP - Lewisburg and was confined in the Special Management Unit ("SMU"), and was placed in D-Block on the first floor. (Doc. 1, p. 5). After being in the SMU for three days, on May 16, 2011, Plaintiff asked to speak to a psychologist about mental illness and stress. (*Id*.). Plaintiff saw Dr. Cannon from the Lewisburg Psychology Department. (*Id*.). After his interview with Dr. Cannon, Plaintiff states he was placed on suicide watch for a few days commencing on a Friday. (*Id*.). Plaintiff further states that in the BOP they have "inmate companions" for inmates that are on suicide watch. (*Id*.). According to Plaintiff, an inmate companion monitors the inmate on suicide watch and logs everything the inmate does. (*Id*.). Plaintiff also states that "two Dr. Pysches." came in to see Plaintiff while on suicide watch. (*Id*.).

Furthermore, Plaintiff states that he did not speak to anyone for the entire weekend he was on suicide watch. (*Id*.). On Monday, Dr. Cannon interviewed Plaintiff. (*Id*.). Plaintiff states that he continued to remain silent. (*Id*.). Plaintiff avers that Dr. Cannon said he was going to give my counseling and treatment to the Captain. (*Id*., pp. 5-6). As a result of Plaintiff's silence, the Special Ambulatory Restraint Team ("SART") was called in. (*Id*.). Plaintiff alleges that the SART put him in

super-tight restraints. (*Id.*). Subsequently, Plaintiff avers that Correctional Officer T. Brink lied on the incident report indicating that Plaintiff threatened to harm himself and his cell-mate. (*Id.*, pp. 6-7). Plaintiff states that the nerves in his right hand were damaged from the restraints. (*Id.*, p. 7).

Additionally, Plaintiff states that he had an appeal pending with the Sixth Circuit Court, namely, his federal conviction and sentence for which he was confined in prison. (*Id.*). Plaintiff further states that since he was in restraints, he could not properly respond to the Sixth Circuit and Plaintiff's Counselor Edinger and Case Manager Nichols "knew the nerves in my right-hand was damages from restraints. An refused to write me an affidavit and/or Memorandum in the Sixth Circuit Court of Appeals to show that it was not my fault in responding to plaintiff's appeal." (*Id.*). Plaintiff alleges that this showed their deliberate indifference. (*Id.*).

Furthermore, Plaintiff states that "Excessive force claim, Eighth Amendment denial of access to medical care claim, First Amendment denial of access to courts claim which all happen because of the restraints on May 16, 2011." (*Id.*).

Plaintiff states the following with regard to his exhaustion of his BOP administrative remedies: "Plaintiff has exhausted all available administrative remedies regarding the matters

described in this Complaint."[5]  Plaintiff attached copies of his grievance, incident report and appeal

to his Amended Complaint.  (Doc. 20).

As relief, Plaintiff is requesting the following:

(1) Declare that the acts and omissions described herein violated the plaintiff's
rights under the Constitution and laws of the United States. (2) Enter
preliminary and permanent injunctions ordering defendants U.S. Department
of Justice, Charles E. Samuels, J.E. Thomas, Lt. Johnson, Lt. Sherman, their
successors, agents, employees, and all persons acting in concert with them to
stop using torture, hatred, bias, misuse of restraints and excessive force;
redestinate plaintiff to a regular prison population, redue his contract to be in
the (SMU) program, with him present to refuse this program, immediately
(within 30-days) sent him to the West Coast to a Level-2 health care prison,
and follow the program policy of the FBOP while he is here and plaintiff will
drop the Complaint.  (3) Enter judgment in favor of plaintiff for nominal,
compensatory, and punitive damages, as allowed by the law, against each
defendant, jointly and severally. (4) Order such additional relief as this Court
may deem just and proper.

(Doc. 20, p. 11).

As we previously discussed in our Document 8 R&R adopted by the Court on July 17, 2013,

regarding Plaintiff's requests for both compensatory and punitive damages, to the extent that

Plaintiff seeks monetary damages from Defendants, all employees of the BOP, in their official

capacities, those requests for relief were dismissed with prejudice as Plaintiff can only seek

---

[5]It is well-settled that the Plaintiff must exhaust all of his available administrative
remedies with respect to each one of his claims prior to filing a civil rights suit.  In *Porter v.
Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion
requirement under § 1997e(a) applies to all actions regarding prisons conditions, including §
1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that
"the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they
involve general circumstances or particular episodes, and whether they allege excessive force or
some other wrong." *Id.*  However, Defendants have the burden to plead exhaustion as an
affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

monetary damages from Defendants in their personal capacities.  *See Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998);  *Douglas v. BOP,* Civil NO. 08-0140 (M.D. Pa.);  *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)(Per Curiam).  Thus, Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities were previously dismissed with prejudice by Order of this Court.  Additionally, the Court dismissed Plaintiff's request for a Declaratory Judgment from his Complaint with prejudice, thus we will not address the request once again.

## IV.    DISCUSSION.

### 1.  *U.S Department of Justice and the Federal Bureau of Prisons*

In our Document 8 R&R adopted by the Court on July 17, 2013, the United States was dismissed with prejudice.  Insofar as Plaintiff is now attempting to sue Defendants U.S. Department of Justice and the Federal Bureau of Prisons for violations of his civil rights, *i.e.* deliberate indifference, excessive force, and denial of access to the courts,  the law is clear that *Bivens* "only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies." *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D. Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*] could properly be brought against Defendants in their official capacities.")(citation omitted).  As such, we will recommend that Defendants U.S. Department of Justice and the Federal Bureau of Prisons as agencies of the United States be dismissed with prejudice based on the doctrine of sovereign immunity.  *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08)(citing *F.D.I.C. v.*

*Meyer*, 510 U.S. 471, 475 (1994)).  Also, as stated above, all of  Plaintiff's claims for monetary

damages against all Defendants in their official capacities were previously dismissed with prejudice.

The Court in *Johnson* stated:

> An action brought against federal agencies, or federal employees in their
> official capacities, is effectively an action against the United States. *Ky v.
> Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is
> well settled that the United States has sovereign immunity except where it
> consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct.
> 1349, 63 L.Ed.2d 607 (1980). Sovereign immunity extends to government
> agencies and employees sued in their official capacities. *Antol v. Perry,* 82
> F.3d 1291, 1296 (3d Cir.1996). In addition, a waiver of sovereign immunity
> "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S.
> at 538.
> First, regarding Johnson's constitutional claims against the Federal Defendants,
> Congress has never waived sovereign immunity for constitutional tort claims
> against the United States, its agencies, or employees sued in their official
> capacity. *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308
> (1994); *Graham,* 473 U.S. at 166-68. In addition, Congress has not waived
> sovereign immunity for RICO claims, *Jennette v. Holsey,* No. 06-874, 2006
> WL 1984734, at *1 (M.D.Pa. May 31, 2006); *Delker v. United States,* No. 86-
> 2712, 1986 WL 11701, at *1 (E.D.Pa. Oct.16, 1986), or for claims for
> conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent
> failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. §
> 1986. *Davis v. U.S. DOJ,* 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l
> Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999); *Biase
> v. Kaplan,* 852 F.Supp. 268 (D.N.J.1994); *Wilson v. Rackmill,* No. 87-456,
> 1990 WL 63504 at *4 (E.D.Pa. May 11, 1990).
> Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the
> United States'] consent to be sued in any court define that court's jurisdiction
> to entertain the suit.' " *FDIC,* 510 U.S. at 475. Thus, because the United States
> has not waived its sovereign immunity for constitutional tort, RICO, or §§
> 1985 and 1986 claims against its agencies or its federal employees in their
> official capacities, these claims against the Federal Defendants must be
> dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil
> Procedure 12(b)(1).

2010 WL 2991409, *2-*3.

Thus, we will recommend that Defendants U.S. Department of Justice and the Federal Bureau of Prisons be dismissed with prejudice.

2. *Lack of Personal Involvement of Defendants Warden J.E. Thomas and BOP Director Samuels*

In our Document 8 R&R adopted by the Court on July 17, 2013, Warden Bledsoe was dismissed without prejudice and BOP Director Samuels was dismissed with prejudice. Plaintiff has now substituted Warden Thomas at Lewisburg as a Defendant, however, our legal analysis remains the same and both Defendants are recommended to be dismissed with prejudice. As we discussed in our Document 8 R&R, in a *Bivens* civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of federal law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Naranjo v. Martinez*, 2009 WL 4268598, *6. With regard to Defendant Samuels, again Plaintiff merely states in the "Defendants" section of his Complaint, that Samuels is responsible for the overall operation of the FBOP and each institution under its jurisdiction, including USP-Lewisburg, SMU. (Doc. 20, p. 4). Again, with regard to Defendant Samuels, aside from his supervisory role with the BOP and his being named as a Defendant (Doc. 20, p. 4), Plaintiff mentions his name in passing in the factual section of his Complaint by stating that he was "very aware of the grievances filed through the administrative process about the misproper (sic) use of restraints and excessive force." (*Id.*). Plaintiff has failed to allege the personal involvement of Defendant Samuels in regard to his constitutional claims. Rather, it is clear that Plaintiff has named Defendant Samuels solely on the basis of *respondeat superior* which is not permissible

12

in a civil rights action.  Again, Defendant Samuels was previously dismissed with prejudice from this action.  (Doc. 10).

With regard to Defendant Thomas, Plaintiff again Plaintiff merely states in the "Defendants" section of his Amended Complaint,  that Thomas is responsible for the appropriate running of the prison.  (Doc. 20, p. 3).  Plaintiff further states that Thomas has "not improved procedures for putting ambulatory restraints on inmates."  Therefore, Plaintiff avers that Defendant Thomas was  involved solely through his position as Warden and based on the doctrine of *respondent superior*.

In *George v. PA DOC*, 2010 WL 936778, *4 (M.D. Pa.), the Court stated:

> The doctrine of *respondeat superior* does not apply to constitutional claims. *See Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior."* ); *see also Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior*) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). Rather, each named defendant must be shown, via the complaint's allegations, to have  been personally involved in the events underlying a claim. *Iqbal, supra,* --- U.S. at ----, 129 S.Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode,* 845 F.2d at 1207. "In order to satisfy the 'personal involvement' requirement, a [§ 1983] complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck,* 326 F. App'x 97, 101 (3d Cir.2009) (per curiam) (non-precedential).

*See also Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

The Court in *Rogers,* 696 F.Supp.2d at 488, repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* quoting *Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 [or 1331] liability cannot be predicated solely on *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 [or1331] for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. *Rode,* 845 F.2d at 1208; *Cooper v. Beard,* 2006 WL 3208783 at *14 (E.D.Pa. Nov. 2, 2006).

Additionally, in *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does

not apply to legal conclusions; therefore, pleadings must include factual
allegations to support the legal claims asserted. *Id.* at 1949, 1953.
"Threadbare recitals of the elements of a cause of action, supported by
mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,*
550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224,
232 (3d Cir.2008) ("We caution that without some factual allegation in
the complaint, a claimant cannot satisfy the requirement that he or she
provide not only 'fair notice,' but also the 'grounds' on which the claim
rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a
motion to dismiss, a plaintiff must plead "factual content that allows the
court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S.
at 556).

Based on the above-detailed allegations in Plaintiff's Amended Complaint, it is clear that
Plaintiff fails to state  the requisite factual specificity and allegations of personal involvement with
regard to his constitutional claims as against Defendants Thomas.  Plaintiff does  not claim any
wrongdoing by this Defendant in his Amended Complaint.

Therefore, because it appears that Plaintiff has named Defendant Warden Thomas in his
Amended Complaint as he named Defendant Bledsoe in his Complaint solely on the basis of
*respondeat superior* which is not  permissible in a civil rights action, we will recommend that
Defendant Thomas  be dismissed from this action with prejudice.

3.      *Eighth Amendment Denial of Proper Medical Care Claim*

As stated above, Plaintiff alleges in his Amended Complaint that he was denied medical care
after his restraints were put on his wrists and legs too tightly and was not given treatment to stop the
bleeding.  (Doc. 20, p. 8).  In his Complaint, Plaintiff asserted an Eighth Amendment denial of
proper medical claim, but did not name anyone that was personally involved.  Plaintiff now names

Lieutenant Johnson, Lieutenant Sherman, Heather Ladisic and Beverly Prince as those employees of the prison who denied him the medical care after his restraints were removed.

In *Carpenter Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11)*, the Court stated:

> To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir.1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir.2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) (quoting *White v. Napoleon,* 897 F.2d 103, 109 (1990); *Monmouth County Corr. Inst. Inmates v. Lensario,* 834 F.2d 326, 346 (3d Cir.1987).

We now find that Plaintiff has sufficiently alleged a prima facie case with respect to his denial of medical care claim and as such, we will recommend that Plaintiff's claim be allowed to move forward.

4.    *Eighth Amendment Excessive Force Claim*

Plaintiff does not address his excessive force claim in his Amended Complaint and instead states, "[e]xcessive force claim, Eighth Amendment denial of access to medical care claim, First Amendment denial of access to courts claim which all happen because of the

restraints on May 16, 2011." (Doc. 20, p. 7). Plaintiff asks the Court to review his "Motion

Interlocutory Appeal and Amended Complaint filed on September 17, 2013 and Exhibits #1

thru #10 and attachments in support of his claims." (*Id*.). Plaintiff's Amended Complaint

supersedes his original Complaint as a matter of law and all claims alleged in the original

complaint which are not alleged in the amended complaint are waived. *See Gibbs v. Wetzel*,

2012 U.S. Dist. LEXIS 163149, *6 (M.D. Pa. 2012). Federal Rule of Civil Procedure 8(e)(1)

requires that an amended complaint must "be complete in all respects", "standing by itself as an

adequate complaint without reference to the complaint already filed", and must be "simple,

concise, and direct." F.R.C.P. 8(e)(1). In our Doc. 8 R&R We found that Plaintiff did not

sufficiently allege the personal involvement of any of the prison staff with regard to his excessive

force claim, thus, Plaintiff was given the opportunity to amend his Complaint. Based on the

above, we find that Plaintiff has not sufficiently alleged an excessive force claim. Thus, we will

recommend that Plaintiff's excessive force claim be dismissed with prejudice.

     5. *Eighth Amendment Deliberate Indifference*

     Plaintiff alleges that Defendants Lieutenant Sherman, Lieutenant Johnson, Heather

Ladisic, Beverly Prince and "the Captains had actual knowledge of the substantial risk of serious

harm, because ambulatory restraints are not used for torture, punishment, racism, hatred and

pain." (Doc. 20, p. 6). In his deliberate indifference section, Plaintiff references Disciplinary

Hearing Officer (D.H.O.) Jordan and Captain Snider as those aware of the grievances Plaintiff

filed regarding the use of restraints and excessive force and that they were in agreement that

Plaintiff was being disruptive regarding the use excessive force. (*Id.*, pp. 6-7). These Defendants

appear to be named only because of their responses to Plaintiff's alleged grievances and appeals. The law is well-settled that inmates do not have a constitutional right to a grievance process, and that naming the supervisory Defendants based only on their responses to an inmate's grievance and appeals will subject these Defendants to dismissal. *Bartelli v. Jones*, 231 Fed. Appx. 129, 132 (3d Cir. 2007)("a state grievance procedure does not confer any substantive constitutional right upon prison inmates.")(citation omitted); *O'Connell v. Sobina*, 2008 WL 144199, * 17 (W. D. Pa.); *Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977). This Court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential). Even if the prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action. *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995). *See also Burnside v. Moser*, Civil No. 04-2485 (12-16-04 Order, p. 3, J. Muir, M.D. Pa.)(Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted) affirmed 138 Fed. Appx. 414 (3d Cir. 2005); *Mitchell v. Dodrill*, 696 F.Supp.2d 454, 469 (M.D. Pa. 2010). Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra*. Thus, we recommend that Defendants Jordan and Snider be dismissed with prejudice.

The Third Circuit stated in *DeFranco v. Wolfe*, 387 F. App'x 147, 158 (3d Cir. 2010):

> To demonstrate an Eighth Amendment violation, [the inmate] must show:
>
> "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We have interpreted this to mean that there are two prongs to the inquiry: (1) deliberate indifference on the part of prison officials; and (2) the prisoner's medical needs are serious. *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *accord Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999).
>
> Deliberate indifference is more than an "inadvertent failure to provide adequate medical care." *Estelle,* 429 U.S. at 105, 97 S.Ct. 285. It is more than mere negligence or medical malpractice without some more culpable state of mind. *Id.* at 106, 97 S.Ct. 285; *Rouse,* 182 F.3d at 197; *Lanzaro,* 834 F.2d at 346. For example, disagreement of professional opinion among doctors does not equal deliberate indifference. *Rouse,* 182 F.3d at 197; *Lanzaro,* 834 F.2d at 346. Instead, it requires "obduracy and wantonness ... [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse,* 182 F.3d at 197 (citations omitted).

The Third Circuit further defined deliberate indifference in *Natale v. Camden City Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The Court held:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of an disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment... ." *Estelle*, 429 U.S. 97. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent

> cruel and unusual punishment. At most it is medical malpractice." *Id* at 107. "[A]s long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish a "deliberate indifference." *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In light of our discussion above detailing the allegations of the Amended Complaint, we find that Plaintiff has sufficiently alleged the personal involvement of Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, Beverly Prince regarding his Eighth Amendment deliberate indifference claims, and that Plaintiff has sufficiently alleged the elements of these claims in relation to these Defendants, therefore, we recommend that those claims move forward.

6. *First Amendment Denial of Access to the Courts*

As stated above, Plaintiff alleges that he had an appeal pending with the Sixth Circuit Court, namely, his federal conviction and sentence for which he was confined in prison. (Doc. 20, p. 70. Plaintiff further states that since he was in restraints, he could not respond to the Sixth Circuit and Plaintiff's Counselor Edinger and Case Manager Nichols "knew the nerves in my right-hand was damages (sic) from restraints. An refused to write me an affidavit and/or Memorandum in the Sixth Circuit Court of Appeals to show that it was not my fault in responding to plaintiff's appeal." (*Id.*, p. 7). Plaintiff alleges that this showed their deliberate indifference. (*Id.*). Plaintiff alleges that this was an ongoing appeal which they knew about because they reviewed all of his grievances and appeals because he had to go through them in order to file his documents. (*Id.*).

In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179:

> 153 L.Ed.2d 413 (2002), the Supreme Court set forth
> specific criteria that a court must consider in determining
> whether a plaintiff has alleged a viable claim of right to
> access to the courts.  Specifically, the Supreme Court held
> that, in order to state a claim for denial of access to courts,
> a party must identify all of the following in the complaint:
> 1) a non-frivolous, underlying claim; 2) the official acts
> frustrating the litigation; and 3) a remedy that may be awarded
> as recompense but that is not otherwise available in a future
> suit.  *Christopher*, 536 U.S. at 415.

We find that while Plaintiff may have once again attempted to set forth a  First Amendment denial of access to the courts claim, Plaintiff has not sufficiently alleged the personal involvement of any prison official with regard to such a claim.  Furthermore, Plaintiff has not set forth with any factual specificity allegations that any prison official denied Plaintiff access to the Court.  Plaintiff merely states that they knew his nerves were damaged and wouldn't write an "affidavit and/or memorandum to the Sixth Circuit Court of Appeals to show it was not my fault in responding to plaintiff's appeal." (Doc. 20, p. 7).  Therefore, we will recommend that Defendants Counselor Edinger and Case Manager Nichols be dismissed with prejudice from Plaintiff's Amended Complaint.  Furthermore, Plaintiff named Dr. Cannon, Psychologist, The Captain and T. Brink, Correctional Officer in his Amended Complaint.  Plaintiff mentions these Defendants in his facts, but does not state any legal claims against them in the sections setting forth claims in his Amended Complaint.  Therefore, Plaintiff has failed to allege the personal involvement of Defendants Dr. Cannon, The Captain and T. Bink in regard to his constitutional claims and we will recommend those Defendants be dismissed with prejudice.

## V.     RECOMMENDATION.

Based on the foregoing, we respectfully recommend that the Court:

1.  **DISMISS WITH PREJUDICE**  Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities.

2.  **DISMISS WITH PREJUDICE** Defendants U.S. Department of Justice, Federal Bureau of Prisons, Warden J.E. Thomas, BOP Regional Director Samuels, Disciplinary Hearing Officer Jordan, Captain Snider, Dr. Cannon, The Captain and T. Bink .

3.  **ALLOW TO PROCEED** Plaintiff's Eighth Amendment denial of medical care and deliberate indifference claims against Lieutenant Johnson, Lieutenant Sherman, Heather Ladisic and Beverly Prince.

4.  **DISMISS WITH PREJUDICE** Plaintiff's Eighth Amendment excessive force claim.

5.  **DISMISS WITH PREJUDICE** Plaintiff's First Amendment denial of access to courts claim.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: November 20, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANDAR A. SNOW, | : | CIVIL ACTION NO. **3:CV-13-0789** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |


## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 20, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate judge,
> making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


_____  **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: November 20, 2013**