IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHANDAR A. SNOW,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-13-0789

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 23) to Plaintiff's Amended Complaint. Magistrate Judge Blewitt recommends that: (1) the claims for monetary damages against Defendants in their official capacities be dismissed with prejudice; (2) Defendants U.S. Department of Justice, the Federal Bureau of Prisons, Warden Thomas, BOP Regional Director Samuels, Jordan, Snider, Counselor Edinger, Case Manager Nichols, Dr. Cannon, The Captain, and T. Brink be dismissed with prejudice; (3) the Eighth Amendment excessive force claim be dismissed with prejudice; (4) the First Amendment denial of access to the courts claim be dismissed with prejudice; and (5) the Eighth Amendment deliberate indifference and denial of medical care claims be permitted to proceed against Lieutenant Johnson, Lieutenant Sherman, Heather Ladisic, and Beverly Prince.

Plaintiff filed timely objections to Magistrate Judge Blewitt's Report and Recommendation. (Doc. 24.) Specifically, Plaintiff objects to the recommended dismissal of the First Amendment denial of access to the courts and Eighth Amendment excessive force claims. (Doc. 24.) Plaintiff argues that he adequately alleges that he was placed in excessively tight ambulatory restraints on May 16, 2011, and, as a result, he suffered nerve damage. Plaintiff further requests that he be given leave to amend his First Amendment denial of access to the courts claim to assert the personal participation of the prison officials involved in these claims.

The uncontested portions of the Report and Recommendation will be adopted.

Furthermore, because the Amended Complaint fails to adequately set forth a First Amendment denial of access to the courts claim and Plaintiff has already been given leave to amend this claim, Magistrate Judge Blewitt's recommendation to dismiss the First Amendment claim with prejudice will be adopted. However, because Plaintiff sufficiently states an Eighth Amendment excessive force claim against Defendants The Captain, Lieutenant Sherman, and Lieutenant Johnson, the recommendation to dismiss this claim as to these Defendants will be rejected.

## Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D. Pa. 1998).

## Discussion

**A.     Uncontested Portions of the Report and Recommendation**

As noted, Plaintiff's specific objections to the Report and Recommendation are to the recommendations to dismiss the First Amendment denial of access to the courts

2

claim and the Eighth Amendment excessive force claim.  Because Plaintiff failed to file specific objections to the remaining portions of the Report and Recommendation, and finding those recommendations to be free of clear error, those portions of the Report and Recommendation will be adopted.

**B.    First Amendment Denial of Access to the Courts Claim**

Magistrate Judge Blewitt's recommendation to dismiss the First Amendment denial of access to the courts claim will be adopted and Plaintiff's objection will be overruled.  "To state a denial of access to the courts claims, a plaintiff must 'allege actual injury, such as the loss or rejection of a legal claim," *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997), as well as show that this lost or rejected legal claim is non-frivolous or arguable, *see Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam)." *Saunders v. Phila. Dist. Attorney's Office*, - - - F. App'x - - -, 2013 WL 5686561, at *3 (3d Cir. Oct. 21, 2013) (per curiam).  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).  I agree with Magistrate Judge Blewitt that Plaintiff fails to plead the necessary elements of a denial of access to the courts claim or the personal involvement of any prison official regarding such a claim.  Plaintiff also fails to identify any prison official that denied him access to the court.  Thus, the First Amendment denial of access to the courts claim will be dismissed.  Furthermore, Plaintiff will not be given leave to amend.  He has already been granted leave to amend the First Amendment claim, and the Amended Complaint failed to remedy the claim's previously identified deficiencies.  Accordingly, leave to amend is not warranted because further amendment would be futile. *See, e.g., Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

**C.    Eighth Amendment Excessive Force Claim**

Plaintiff claims that the Magistrate Judge erred in finding that the Amended Complaint fails to state an Eighth Amendment excessive force claim.  Specifically,

3

Plaintiff contends that his Eighth Amendment rights were violated on or about May 16, 2011 when he was placed in ambulatory restraints that were "super-tight." (*Am. Compl.*, ¶¶ 4, 19, 24-25.) In the Amended Complaint, Plaintiff asserts "Eighth Amendment violation cruel and unusual punishment" claims against Defendants Warden Thomas, The Captain, Lieutenant Sherman, Dr. Cannon, Lieutenant Johnson, Regional Director Samuels, Heather Ladisic, and Beverly Prince.

In the context of prison confinement, the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Use of excessive force against an inmate violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Courts consider many factors in determining whether an official used excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. These factors include: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)).

Based on the allegations in the Amended Complaint, and noting that this *pro se* pleading must be construed liberally, *see Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)), Plaintiff sufficiently states an Eighth Amendment excessive force claim against Defendants The Captain, Lieutenant Sherman, and Lieutenant Johnson for the use of ambulatory restraints on or about May 16, 2011. In particular, Plaintiff alleges that Lieutenant Sherman "ordered the Special Ambulatory Restraint Team to put Plaintiff

4

in restraints and put the restraints on super-tight." (*Am. Compl.*, ¶ 19.) Likewise, Plaintiff avers that "Lieutenant Johnson is responsible for ordering the Special Ambulatory Restraint Team to put me in restraints and use excessive force by placing them on my body super-tight." (*Id*. at ¶ 4.)  The Captain is alleged to have "give[n] the Lieutenant Sherman promission [sic] to put the restraints on inmates super-tight." (*Id*. at ¶ 19) These allegations against The Captain, Lieutenant Sherman, and Lieutenant Johnson are not predicated solely on the operation of *respondeat superior*.  Rather, they adequately assert personal involvement "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988).  Because Plaintiff asserts that the restraints were placed on him "super-tight" at the personal direction of The Captain, Lieutenant Sherman, and Lieutenant Johnson, he will be permitted to proceed with the Eighth Amendment excessive force claim against these Defendants.

However, with respect to the other Defendants the excessive force claim is asserted against, *i.e.*, Warden Thomas, Dr. Cannon, Regional Director Samuels, Heather Ladisic, and Beverly Prince, Plaintiff fails to allege their personal involvement in this claim.  As to Warden Thomas, Dr. Cannon, and Regional Director Samuels, the Amended Complaint is devoid of allegations stating that they were personally involved in the claimed use of excessive force that occurred on May 16, 2011.  Thus, the excessive force claim will be dismissed with prejudice as to these Defendants.

Plaintiff also fails to state an excessive force claim against Defendants Heather Ladisic and Beverly Prince.  Plaintiff does not allege that these Defendants were involved in placing the restraints on him, nor does he contend that they personally directed prison officials to apply the restraints in an excessively tight fashion.  Instead, he alleges only that he informed these Defendants that the restraints were too tight and they nonetheless refused to loosen the restraints. (*Am. Compl.*, ¶¶ 5, 8, 26.)  These allegations are insufficient to state an Eighth Amendment excessive force claim, and the claim will be dismissed as against Defendants Heather Ladisic and Beverly Prince with

5

prejudice. *See, e.g., Collins v. Bledsoe*, No. 10-1828, 2011 WL 3920151, at *10 (M.D. Pa. Sept. 7, 2011) ("the Court finds that Collins does not state a claim of excessive use of force against McClintock because he makes no allegations that McClintock was involved in actually placing the restraints on him, but only alleges that he informed McClintock after the restraints already were placed on him that they were excessively tight."). However, as recommended by Magistrate Judge Blewitt, Plaintiff will be permitted to proceed on the deliberate indifference claim under the Cruel and Unusual Punishment Clause against Defendants Ladisic and Prince, as well as against Defendants Lieutenant Sherman and Lieutenant Johnson. *See Collins*, 2011 WL 3920151, at *10 ("However, the Court finds that Collins makes sufficient allegations to state a plausible claim of cruel and unusual punishment against McClintock. The placement of restraints on an inmate in an excessively tight manner is an 'objectively sufficiently serious' punishment in that it potentially could cause serious physical harm. Further, Collins's allegation that he informed McClintock that the restraints were excessively tight and that McClintock did nothing to loosen them, is sufficient to state a claim of deliberate indifference that withstands a motion to dismiss.").

## Conclusion

For the above stated reasons, Magistrate Judge Blewitt's Report and Recommendation will be adopted in part and rejected in part. The recommendation to dismiss the Eighth Amendment excessive force claim against Defendants The Captain, Lieutenant Sherman, and Lieutenant Johnson will be rejected, and Plaintiff will be permitted to proceed with the excessive force claim against these Defendants. In all other respects, the Report and Recommendation will be adopted.

An appropriate order follows.

| | |
|---|---|
| December 13, 2013<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

6