IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANDAR A. SNOW, | : | CIVIL ACTION NO. **3:CV-13-0789** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
JUN 05 2014
PER _____ DEPUTY CLERK

**MEMORANDUM**

I.   **INTRODUCTION**

On March 27, 2013, Plaintiff Chandar A. Snow[1], an inmate at USP-Lewisburg located in Lewisburg, Pennsylvania, filed, *pro se*, this instant *Bivens*[2] civil action, pursuant to 28 U.S.C. §1331. (Doc. 1). Plaintiff's Complaint consists of eight (8) hand-written, single-spaced pages. (*Id.*). Plaintiff also filed a 2-page, hand-written Affidavit in support of his

---

[1] Plaintiff Snow filed a prior §2241 habeas petition against USP-Lewisburg Warden Bledsoe on May 11, 2012. See 3:CV-12-0882, M.D. Pa. On September 18, 2012, the Court adopted our R&R and dismissed Snow's habeas petition. Snow filed a Notice of Appeal with the Third Circuit Court of Appeal, and the third Circuit affirmed the District Court's September 18, 2012 Order.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is a *Bivens* action because Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. See *Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

Complaint consisting of 15 sentences. (Doc. 1-1). On March 27, 2013, Plaintiff filed a Motion for Leave to proceed *in forma pauperis* and used an improper form. (Doc. 2). On April 8, 2013 Plaintiff filed a second Motion for Leave to Proceed *in forma pauperis* using the proper form. (Doc. 5). Furthermore, Plaintiff correctly states that the Court has jurisdiction over his Complaint pursuant to 28 U.S.C. § 1331 and 1343(a)(3). (Doc. 1, p. 1).

On April 16, 2013, we issued a Report and Recommendation recommending that the Court:

1. **DISMISS WITH PREJUDICE** Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities.

2. **DISMISS WITH PREJUDICE** Defendants BOP Regional Director Samuels and United States of America.

3. **DISMISS WITHOUT PREJUDICE** Plaintiff's claim that he was wrongfully charged and convicted by the DHO of threatening his cell-mate.

4. **DISMISS WITH PREJUDICE** Plaintiff's request for Declaratory Judgment.

5. **DISMISS WITHOUT PREJUDICE** Defendant Warden Bledsoe.

6. **ALLOW PLAINTIFF TO AMEND** his Eighth Amendment excessive force claim, his Eighth Amendment denial of access to medical care claim, and his First Amendment denial of access to courts claim in order to properly allege the personal involvement of each prison official regarding each claim.

(Doc. 8).

On July 17, 2013, the Court adopted our Report and Recommendation in its entirety

and ordered Plaintiff to file an amended Complaint consistent with the Report and Recommendation within thirty (30) days. (Doc. 10). The Court further granted Plaintiff's Motion to proceed *in forma pauperis*. (*Id.*). On August 19, 2013, Plaintiff filed a Motion for extension of time to file an amended Complaint which we granted on August 21, 2013. (Docs. 11, 12). On September 23, 2013, Plaintiff filed a Motion to Appoint Counsel. (Doc. 13). On September 23, 2013, Plaintiff filed an appeal to the Third Circuit regarding the Court's July 17, 2013 Order docketed as USCA Case Number 13-3979. (Docs. 14, 16). After extensions of time were granted, Plaintiff filed an Amended Complaint on October 21, 2013. Also, on October 21, 2013, Plaintiff filed a Motion for a Preliminary Injunction and Brief in support of same. (Docs. 17, 18).

On November 20, 2013 we issued a Report and Recommendation. The recommendations we made were as follows:

> 1. **DISMISS WITH PREJUDICE** Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities.
>
> 2. **DISMISS WITH PREJUDICE** Defendants U.S. Department of Justice, Federal Bureau of Prisons, Warden J.E. Thomas, BOP Regional Director Samuels, Disciplinary Hearing Officer Jordan, Captain Snider, Dr. Cannon, The Captain and T. Bink .
>
> 3. **ALLOW TO PROCEED** Plaintiff's Eighth Amendment denial of medical care and deliberate indifference claims against Lieutenant Johnson, Lieutenant Sherman, Heather Ladisic and Beverly Prince.

    4. **DISMISS WITH PREJUDICE** Plaintiff's Eighth Amendment excessive force claim.

    5. **DISMISS WITH PREJUDICE** Plaintiff's First Amendment denial of access to courts claim.

(Doc. 23).

On December 13, 2013, the United States District Court for the Middle District of Pennsylvania issued an Order that stated the following:

    (1)    The Report and Recommendation (Doc. 23) is **ADOPTED in part and REJECTED in part.**

        (A) The recommendation to dismiss with prejudice the claims for monetary damages asserted against Defendants in their official capacities is **ADOPTED**. The claims for monetary damages against Defendants in their official capacities are **DISMISSED with prejudice.**

        (B) The recommendation to dismiss with prejudice Defendants U.S. Department of Justice, Federal Bureau of Prisons, Warden Thomas, BOP Regional Director Samuels, Disciplinary Hearing Officer Jordan, Snider, Counselor Edinger, Case Manager Nichols, Dr. Cannon, and T. Brink is **ADOPTED**. Defendants U.S. Department of Justice, Federal Bureau of Prisons, Warden Thomas, BOP Regional Director Samuels, Disciplinary Hearing Officer Jordan, Snider, Counselor Edinger, Case

Manager Nichols, Dr. Cannon, and T. Brink are **DISMISSED** from the action **with prejudice**.

(C) The recommendation to dismiss with prejudice the First Amendment denial of access to the courts claim is **ADOPTED**. The First Amendment denial of access to the courts claim is **DISMISSED with prejudice**.

(D) The Recommendation to allow Plaintiff to proceed on the Eighth Amendment denial of medical care claim and Eighth Amendment cruel and unusual punishment (deliberate indifference) claim against Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince is **ADOPTED**.

(E) The recommendation to dismiss with prejudice the Eighth Amendment excessive force claim against The Captain, Lieutenant Sherman, and Lieutenant Johnson is **REJECTED**. The recommendation to dismiss with prejudice the excessive force claim as to all other Defendants is **ADOPTED**, and the excessive force claim is **DISMISSED with prejudice** as to all Defendants except The Captain, Lieutenant Sherman, and Lieutenant Johnson.

(2)  Plaintiffs may **PROCEED** on the following claims:

    (A) Eighth Amendment excessive force claim against Defendants The Captain, Lieutenant Sherman, and Lieutenant Johnson.

    (B) Eighth Amendment denial of medical care claim against Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince.

    (C) Eighth Amendment cruel and unusual punishment (deliberate indifference) claim against Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince.

(3) The matter is **RECOMMITTED** to Magistrate Judge Blewitt for further proceedings.

(Doc. 27).

On January 6, 2014 we issued an order to issue process of the Plaintiff's Amended Complaint (Doc. 20) upon remaining Defendants The Captain, Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic and Beverly Prince. (Doc. 28).

Defendants submitted a Motion to Dismiss and for Summary Judgement on March 31, 2014 (Doc. 33) and a brief/statement of facts in support on April 14, 2014. (Doc. 36, 27). Also submitted on April 14, 2014, was a Motion to Seal with the sealed document and video. (Doc. 34, 35).

On April 15, 2014, Defendants submitted a Motion to Exceed Page Limitation and a Brief to support. (Doc. 38, 39) Also on April 15, 2014, we granted Defendants' Motion to Seal.

On April 16, 2014, we granted an Order for Defendants to file, *nunc pro tunc*, Motion for Leave to File Excess Pages. (Doc. 41).

On April 29, 2014 Plaintiff submitted a Motion for Reconsideration of the Order granting Defendants' motion to seal video. (Doc. 44). On that same day Plaintiff also submitted a Brief in Opposition of the Defendants' Motion to Dismiss and for Summary Judgement (Doc. 45), a response to Defendants' statement of material facts (Doc. 46), a Motion for Order to undergo a physical and/or mental evaluation (Doc. 47), and Objections to the Order for Leave to File Excess Pages. (Doc. 48).

On May 7, 2014, the Plaintiff filed a second Motion to Appoint Counsel (Doc. 49), which we will now discuss.

## II.  DISCUSSION

Plaintiff states in his motion that he is unable to afford counsel. (Doc. 13, p. 1). Plaintiff also states that his imprisonment will greatly limit his ability to litigate his case. (*Id.*). Plaintiff further states that the issues in this case are complex, and a lawyer would help plaintiff apply the law properly in motions and briefs before the court. (*Id.*). Furthermore, Plaintiff states that he has never been a party to a lawsuit legal proceeding. (Doc. 13, p. 2). Additionally, Plaintiff states that the case will likely involve conflicting testimony and a lawyer would assist plaintiff in presentation of evidence and cross-examination of opposing witnesses. (*Id.*). Plaintiff further states that due to the Court Security Improvement Act of 2007, Plaintiff is unable to obtain documents with Defendants' personal information, and a

lawyer would be able to assist with that. (*Id.*). Lastly, Plaintiff states that he has made repeated efforts to obtain a lawyer from outside agencies. (*Id.*).

Plaintiff does not have a constitutional right to appointed counsel. The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Id.* However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (citing *Tabron v. Grace*, 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron*, 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id.*

Based on these factors, we find that Plaintiff's second Motion for Appointment of Counsel (Doc. 49) should be denied. Plaintiff's situation has not changed in the eyes of the Court since the first Motion to Appoint Counsel on September 23, 2013. (Doc. 13). Plaintiff has clearly demonstrated an ability to present his own case based on his Complaint. (Doc. 1). Plaintiff's pleadings demonstrate that he can write proper English, present his arguments in an intelligent manner, and cite relevant law. Moreover, there are no difficult and complex legal issues involved in this case. Any factual investigation that the Plaintiff has to

do is minimal, as it is clear based on his Complaint (Doc. 1) that Plaintiff is well aware of the basis of his claims. Additionally, it is does not appear that this case will require testimony from expert witnesses.

Plaintiff is proceeding *in forma pauperis*. (Doc. 10). Thus, even if Plaintiff does not have the financial resources and time to properly prepare his case, it is premature to say if this case will go to trial. Even if this case does go to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or paid by the government. *See Victor v. Lawler*, 2010 WL 2326248, *3-*4 (M.D. Pa. 6-2-10)(the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa. This is also true even if the Plaintiff is proceeding *in forma pauperis*.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *See also Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.

In *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa.), this Court denied an inmate Plaintiff's Motion to appoint a medical expert to assist with his case and stated that "we do not have the authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin." See also *Atwell v. Lavan*, 557 F. Supp. 2d 532, 557 (M.D. Pa.2008)(denial of inmate Plaintiff's request, in civil rights action, for subsidized copies and postage paid by prison staff did not amount to First Amendment claim of denial of access to the courts); *Hodge v. U.S.*, 2009 WL 2843332, *4-*5(M.D. Pa.)(*in forma pauperis* Plaintiffs, including *pro se* inmates, are responsible for their litigation fees in civil actions); *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993)(court had no authority to pay for Plaintiff's deposition transcript); *Wilkerson v. U.S.*, Civil No. 07-2228 (M.D. Pa. 4-20-09)(court denied *in forma pauperis* Plaintiff's motion for independent medical exam). Thus, this Court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. Also, the Court simply will not appoint Plaintiff an attorney so that the attorney will have to use his or her own money to prepare Plaintiff's case. An appropriate order will issue.

**THOMAS M. BLEWITT**

**United States Magistrate Judge**

Dated: June 5, 2014