**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHANDAR A. SNOW, | : | CIVIL ACTION NO. **3:CV-13-0789** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

## I.    BACKGROUND.

On March 27, 2013, Plaintiff Chandar A. Snow[1], an inmate at USP-Lewisburg located in

Lewisburg, Pennsylvania, filed, *pro se*, this instant *Bivens*[2] civil action, pursuant to 28 U.S.C. §1331.

(Doc. 1).  On March 27, 2013, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* and

used an improper form.  (Doc. 2).  On April 8, 2013 Plaintiff filed a second Motion for Leave to

Proceed *in forma pauperis* using the proper form.  (Doc. 5).  The Court has jurisdiction over his

---

[1]Plaintiff Snow filed a prior §2241 habeas petition against USP-Lewisburg Warden
Bledsoe on May 11, 2012. *See* 3:CV-12-0882, M.D. Pa.  On September 18, 2012, the Court
adopted our R&R and dismissed Snow's habeas petition.  Snow filed a Notice of Appeal with
the Third Circuit Court of Appeals, and the Third Circuit affirmed the District Court's September
18, 2012 Order.

[2]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct.
1999 (1971).  Plaintiff 's instant action falls within 28 U.S.C. § 1331 ("The district courts shall
have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).  This case is a *Bivens* action because Plaintiff seeks monetary
damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v.
Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D.
Pa.).

Complaint pursuant to 28 U.S.C. § 1331 and 1343(a)(3). (Doc. 1, p. 1). On April 16, 2013, we screened Plaintiff's Complaint in accordance with § 1915 of the PLRA and issued a Report and Recommendation recommending the following:

1. **DISMISS WITH PREJUDICE** Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities.

2. **DISMISS WITH PREJUDICE** Defendants BOP Regional Director Samuels and United States of America.

3. **DISMISS WITHOUT PREJUDICE** Plaintiff's claim that he was wrongfully charged and convicted by the DHO of threatening his cell-mate.

4. **DISMISS WITH PREJUDICE** Plaintiff's request for Declaratory Judgment.

5. **DISMISS WITHOUT PREJUDICE** Defendant Warden Bledsoe.

6. **ALLOW PLAINTIFF TO AMEND** his Eighth Amendment excessive force claim, his Eighth Amendment denial of access to medical care claim, and his First Amendment denial of access to courts claim in order to properly allege the personal involvement of each prison official regarding each claim.

(Doc. 8).

On July 17, 2013, the Court adopted our Report and Recommendation in its entirety and ordered Plaintiff to file an Amended Complaint consistent with the Report and Recommendation within thirty (30) days. (Doc. 10). The Court further granted Plaintiff's Motion to Proceed *in forma pauperis*. (*Id*.). On August 19, 2013, Plaintiff filed a Motion for Extension of Time to file an amended Complaint which we granted on August 21, 2013. (Docs. 11, 12). On September 23, 2013, Plaintiff filed a Motion to Appoint Counsel. (Doc. 13). On September 23, 2013, Plaintiff filed an appeal to the Third Circuit regarding the Court's July 17, 2013 Order docketed as USCA

Case Number 13-3979.  (Docs. 14, 16).  After extensions of time were granted, Plaintiff filed an Amended Complaint on October 21, 2013.  We screened Plaintiff's Amended Complaint in accordance with § 1915 of the PLRA.  Also, on October 21, 2013, Plaintiff filed a Motion for a Preliminary Injunction and Brief in support of same.  (Docs. **17**, 18).  We will address the Motion in this report as well as an analysis.

On November 20, 2013 we issued a Report and Recommendation.  We recommended the following:

1. **DISMISS WITH PREJUDICE**  Plaintiff's claims for monetary damages to the extent they are against Defendants in their official capacities.

2. **DISMISS WITH PREJUDICE** Defendants U.S. Department of Justice, Federal Bureau of Prisons, Warden J.E. Thomas, BOP Regional Director Samuels, Disciplinary Hearing Officer Jordan, Captain Snider, Dr. Cannon, The Captain and T. Bink.

3. **ALLOW TO PROCEED** Plaintiff's Eighth Amendment denial of medical care and deliberate indifference claims against Lieutenant Johnson, Lieutenant Sherman, Heather Ladisic and Beverly Prince.

4. **DISMISS WITH PREJUDICE** Plaintiff's Eighth Amendment excessive force claim.

5. **DISMISS WITH PREJUDICE** Plaintiff's First Amendment denial of access to courts claim.

(Doc. 23).

On December 6, 2013, Plaintiff submitted objections to the Report and Recommendations as well as a letter regarding Plaintiff's Third Circuit Appeal.  (Doc. 24, 25).

On December 13, 2013, the United States District Court for the Middle District of

Pennsylvania issued an Order that stated the following:

(1)    The Report and Recommendation (Doc. 23) is **ADOPTED in part and REJECTED in part.**

> (A) The recommendation to dismiss with prejudice the claims for monetary damages asserted against Defendants in their official capacities is **ADOPTED**. The claims for monetary damages against Defendants in their official capacities are **DISMISSED with prejudice**.

> (B) The recommendation to dismiss with prejudice Defendants U.S. Department of Justice, Federal Bureau of Prisons, Warden Thomas, BOP Regional Director Samuels, Disciplinary Hearing Officer Jordan, Snider, Counselor Edinger, Case Manager Nichols, Dr. Cannon, and T. Brink is **ADOPTED**. Defendants U.S. Department of Justice, Federal Bureau of Prisons, Warden Thomas, BOP Regional Director Samuels, Disciplinary Hearing Officer Jordan, Snider, Counselor Edinger, Case Manager Nichols, Dr. Cannon, and T. Brink are **DISMISSED** from the action **with prejudice**.

> (C) The recommendation to dismiss with prejudice the First Amendment denial of access to the courts claim is **ADOPTED**. The First Amendment denial of access to the courts claim is **DISMISSED with prejudice**.

> (D) The Recommendation to allow Plaintiff to proceed on the Eighth Amendment denial of medical care claim and Eighth Amendment cruel and unusual punishment (deliberate indifference) claim against Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince is **ADOPTED**.

> (E) The recommendation to dismiss with prejudice the Eighth Amendment excessive force claim against The Captain, Lieutenant Sherman, and Lieutenant Johnson is **REJECTED**. The recommendation to dismiss with prejudice the excessive force claim as to all other Defendants is **ADOPTED**, and the excessive force claim is **DISMISSED with prejudice** as to all Defendants

4

except The Captain, Lieutenant Sherman, and Lieutenant Johnson.

(2)     Plaintiffs may **PROCEED** on the following claims:

>   (A) Eighth Amendment excessive force claim against Defendants The Captain, Lieutenant Sherman, and Lieutenant Johnson.

>   (B) Eighth Amendment denial of medical care claim against Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince.

>   (C) Eighth Amendment cruel and unusual punishment (deliberate indifference) claim against Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince.

(3)     The matter is **RECOMMITTED** to Magistrate Judge Blewitt for further proceedings.

(Doc. 27).

On January 6, 2014 we issued an Order to serve Plaintiff's Amended Complaint (Doc. 20) upon remaining Defendants: The Captain, Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic and Beverly Prince.  (Doc. 28).

Defendants submitted a Motion to Dismiss and for Summary Judgment on March 31, 2014 (Doc. 33) and a Brief/Statement of Facts in support on April 14, 2014. (Doc. 36, 37).  Also submitted on April 14, 2014, was a Motion to Seal with the sealed document and video.  (Doc. 34, 35).

On April 15, 2014, Defendants submitted, *nunc pro tunc*, a Motion to Exceed Page Limitation and a Brief to support.  (Doc. 38, 39).  Also on April 15, 2014, we granted Defendants' Motion to Seal.  (Doc. 40).

5

On April 16, 2014, we granted an Order for Defendants to file, *nunc pro tunc*, Motion for Leave to File Excess Pages.  (Doc. 41).

On April 29, 2014 Plaintiff submitted a Motion for Reconsideration of the Order granting Defendants' Motion to Seal video.  (Doc. 44).  On that same day Plaintiff also submitted a Brief in Opposition of the Defendants' Motion to Dismiss and for Summary Judgement (Doc. 45), a response to Defendants' statement of material facts (Doc. 46), a Motion for Order to undergo a physical and/or mental evaluation (Doc. 47), and Objections to the Order for Leave to File Excess Pages.  (Doc. 48).

Plaintiff submitted a second Motion to Appoint Counsel on May 7, 2014.  (Doc. 49).  Additionally on May 7, 2014, Plaintiff submitted a Response entitled "Brief in support of motion to object to defendants motion to dismiss and for summary judgment" (Doc. 50) and a second Amended Complaint. (Doc. 51).

On May 15, 2014, we issued an Order that Plaintiff's Motion for reconsideration of Document 40 order granting Defendants' Motion to Seal video pursuant to Fed.R.Civ.P. 37(a)(2) (Doc. 44) and Plaintiff's Motion to undergo a physical and/or mental evaluation pursuant to Fed.R.Civ.P. 35(a) (Doc. 47), were deemed withdrawn pursuant to Rule 7.5, M.D. Pa., based on Plaintiff's failure to file supporting briefs.  (Doc. 52).  Plaintiff submitted his objections to said order on June 2, 2014. (Doc. 53).

On June 5, 2014, this Court issued a Memorandum and Order denying Plaintiff's second Motion for Appointment of Counsel.  (Doc. 54, 55).  Plaintiff submitted Objections to the June 5th Memorandum and Order on June 26, 2014.  (Doc. 56).  On July 10, 2014 Plaintiff submitted a

Motion and Brief in Support to Stop Summary Judgment and Move Forward with Discovery.  (Doc. 57, 58).  Plaintiff also submitted a Motion for Temporary Restraining Order on July 10th.  (Doc. 59).  On July 24, 2014 Defendants submitted a Brief in Opposition of both the Motion for Temporary Restraining Order and Motion for Discovery.  (Doc. 60, 61).

For the purposes of this Report and Recommendation, we will be analyzing the Defendants' Motion to Dismiss and for Summary Judgment that was filed on March 31, 2014.  (**Doc. 33**).  We will also analyze Plaintiff's Motion for Preliminary Injunction filed on October 21, 2013 (**Doc. 17**), Plaintiff's Motion to Stop Summary Judgment and Move Forward with Discovery filed on July 10, 2014 (Doc. **57**), and Plaintiff's Motion for Temporary Restraining Order filed on July 10, 2014.  (Doc. **59**).  Defendants submitted Briefs in opposition to Motions on July 24, 2014.  (Doc. 60, 61).

## II.   AMENDED COMPLAINT ALLEGATIONS.

In his Amended Complaint filed on October 21, 2013[3], Plaintiff alleges that the Defendants, namely, U.S. Department of Justice, Federal Bureau of Prisons, Dr. Cannon; Psychologist, Heather Ladisic, S. Snider; Deputy Captain, The Captain, J.E. Thomas; Warden, T. Brink, Charles E. Samuels; Regional Director of BOP, A. Jordan; Disciplinary Hearing Officer, Beverly Prince; Medical assistance, Nichols; Case Manager of D-Block, Edinger; Counselor for D-Block, Lieutenant Johnson and Lieutenant Sherman, were deliberately indifferent and have violated his rights.  (Doc. 1, p. 2).  Plaintiff's remaining claims, are the following: Eighth Amendment excessive force claim

---

[3]We note that Plaintiff filed a second Amended Complaint on May 7, 2014.  For the purposes of this analysis, we do not use Plaintiff's second Amended Complaint due to it being filed after Plaintiff's Motion for Preliminary Injunction and Defendants' Motion to Dismiss and for Summary Judgment.

against Defendants The Captain, Lieutenant Sherman, and Lieutenant Johnson; Eighth Amendment

denial of medical care claim against Defendants Lieutenant Sherman, Lieutenant Johnson, Heather

Ladisic, and Beverly Prince; and Eighth Amendment cruel and unusual punishment (deliberate

indifference) claim against Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic,

and Beverly Prince.

Plaintiff alleges that on May 13, 2011, he arrived at USP-Lewisburg and was confined in the

Special Management Unit ("SMU"), and was placed in D-Block on the first floor.  (Doc. 1, p. 5).

After being in the SMU for three days, on May 16, 2011, Plaintiff asked to speak to a psychologist

about mental illness and stress.  (*Id.*).  Plaintiff saw Dr. Cannon from the Lewisburg Psychology

Department.  (*Id.*).  After his interview with Dr. Cannon, Plaintiff states he was placed on suicide

watch for a few days commencing on a Friday.  (*Id.*).  Plaintiff further states that in the BOP they

have "inmate companions" for inmates that are on suicide watch.  (*Id.*).  According to Plaintiff, an

inmate companion monitors the inmate on suicide watch and logs everything the inmate does.

(*Id.*).  Plaintiff also states that "two Dr. Pysches." came in to see Plaintiff while on suicide watch.

(*Id.*).

Furthermore, Plaintiff states that he did not speak to anyone for the entire weekend he was

on suicide watch.  (*Id.*).  On Monday, Dr. Cannon interviewed Plaintiff.  (*Id.*).  Plaintiff states that he

continued to remain silent.  (*Id.*).  As a result of Plaintiff's silence, the Special Ambulatory Restraint

Team ("SART") was called in.  (*Id.*).  Plaintiff alleges that the SART put him in super-tight restraints.

(*Id.*).  Subsequently, Plaintiff avers that Correctional Officer T. Brink lied on the incident report

indicating that Plaintiff threatened to harm himself and his cell-mate.  (*Id.*, pp. 6-7).  Plaintiff states that the nerves in his right hand were damaged from the restraints.  (*Id.*, p. 7).

Additionally, Plaintiff states that he had an appeal pending with the Sixth Circuit Court, namely, his federal conviction and sentence for which he was confined in prison.  (*Id.*).  Plaintiff further states that since he was in restraints, he could not properly respond to the Sixth Circuit and Plaintiff's Counselor Edinger and Case Manager Nichols "knew the nerves in my right-hand [sic] was [sic] damages from restraints and refused to write me an affidavit and/or Memorandum in the Sixth Circuit Court of Appeals to show that it was not my fault in responding to plaintiff's appeal."  (*Id.*).  Plaintiff alleges that this showed their deliberate indifference.  (*Id.*).

Furthermore, Plaintiff states that "Excessive force claim, Eighth Amendment denial of access to medical care claim, First Amendment denial of access to courts claim which all happen because of the restraints on May 16, 2011."  (*Id.*).

Plaintiff states the following with regard to his exhaustion of his BOP administrative remedies: "Plaintiff has exhausted all available administrative remedies regarding the matters

described in this Complaint."[4]  Plaintiff attached copies of his grievance, incident report and appeal

to his Amended Complaint.  (Doc. 20).

> As relief, Plaintiff is requesting the following:
>
> (1) Declare that the acts and omissions described herein violated the plaintiff's rights under the Constitution and laws of the United States. (2) Enter preliminary and permanent injunctions ordering defendants U.S. Department of Justice, Charles E. Samuels, J.E. Thomas, Lt. Johnson, Lt. Sherman, their successors, agents, employees, and all persons acting in concert with them to stop using torture, hatred, bias, misuse of restraints and excessive force; redestinate plaintiff to a regular prison population, redue his contract to be in the (SMU) program, with him present to refuse this program, immediately (within 30-days) sent him to the West Coast to a Level-2 health care prison, and follow the program policy of the FBOP while he is here and plaintiff will drop the Complaint.  (3) Enter judgment in favor of plaintiff for nominal, compensatory, and punitive damages, as allowed by the law, against each defendant, jointly and severally. (4) Order such additional relief as this Court may deem just and proper.

(Doc. 20, p. 11).

We will now consider Defendants' Motion to Dismiss and/or Summary Judgment (**Doc. 33**)

as well as Plaintiff's Motion for a Preliminary Injunction (**Doc. 17**), Plaintiff's Motion to Stop

Summary Judgment and Move Forward with Discovery (**Doc. 57**), and Plaintiff's Motion for

Temporary Restraining Order.  (**Doc. 59**).

---

[4]It is well-settled that the Plaintiff must exhaust all of his available administrative remedies with respect to each one of his claims prior to filing a civil rights suit.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*  However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

III.     STANDARDS OF REVIEW.

A.     MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment may not be granted unless there is not a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the suit. *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004). The moving party may demonstrate that no genuine dispute as to any material fact exists by citing to pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits. Fed. R. Civ. P. 56(c). The reviewing court may consider any materials in the record in determining whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56(c)(3). An issue of fact is "'genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving lack of a genuine issue of material fact is initially on the moving party. *Childers*, 842 F.2d at 694 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The burden of proof shifts to the nonmoving party, however, when the moving party demonstrates no such genuine issue of fact. *Forms, Inc. v. Am. Standard, Inc.*, 546 F. Supp. 314, 321 (E.D. Pa. 1982), *aff'd. mem.*, 725 F.2d 667 (3d Cir. 1983). The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

In determining the existence of an issue of material fact, the reviewing court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Co.*,

862 F.2d 56, 59 (3d Cir. 1988). As such, the court must accept the nonmoving party's allegations as

true and resolve any conflicts in his or her favor. *Id.* (*citing Gans v. Mundy*, 762 F.2d 338, 340 (3d

Cir. 1985), cert. denied, 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566,

573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977).

## B.    MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard
> applicable to a motion to dismiss in light of the United States Supreme Court's
> decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v.
> Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a
> complaint must contain sufficient factual matter, accepted as true to 'state a claim
> that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550
> U.S. at 570). The Court emphasized that "only a complaint that states a plausible
> claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued,
> "[d]etermining whether a complaint states a plausible claim for relief will ... be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,*
> 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of
> *Twombly* and *Iqbal* in detail and provided a road map for district courts presented
> with a motion to dismiss for failure to state a claim in a case filed just a week
> before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal
> elements of a claim should be separated. The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard any legal conclusions. [
> *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether
> the facts alleged in the complaint are sufficient to show that the plaintiff has a
> "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more
> than allege a plaintiff's entitlement to relief. A complaint has to "show" such an
> entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35
> [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-
> pleaded facts do not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is

entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## C.   **MOTION FOR PRELIMINARY INJUNCTION**

As the Third Circuit Court stated in *Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144

(3d Cir. 2008), the Plaintiff in a civil rights action who filed a motion for preliminary injunction "was

required to show that he was likely to succeed on the merits of his claims, that the denial of relief

would result in irreparable harm, and that granting the injunction would not result in irreparable

harm to the Defendants and was in the public interest."(citation omitted).  *See also Ball v. SCI-*

*Muncy*, 2010 WL 4352929, *4 (M.D. Pa. 10-27-10).

In *Ball*, the Court stated:

A preliminary injunction is not granted as a matter of right. *Kershner v. Mazurkewicz,* 670 F.2d 440, 443 (3d Cir.1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy that places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunction is the only way of protecting the plaintiff from harm. *Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir.1992). For [a Plaintiff]  to sustain his burden of proof under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price,* 154 F.3d 128, 133 (3d Cir.1998); *Kershner,* 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied. *Hohe v. Casey,* 868 F.3d 69, 72 (3d Cir.1989).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm.") Further, immediate irreparable injury is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir.1987). "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.,* 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ...." *Acierno,* 40 F.3d at 655 (citation omitted).

Other considerations in assessing a motion for preliminary injunctive relief is the possible harm to other interested parties if the relief is granted, *see Kershner,* 670 F.2d at 443, and whether the issuance of relief would be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Corp.,* 269 F.3d 1149, 1154 (10th Cir.2001).

*Id.,* *4-*5.

Additionally, the grant or denial of a motion for a preliminary injunction is within the sound discretion of the district judge. *Kershner v. Mazurkiewicz*, 670 F.2d at 443(citation omitted).

Thus, as the Court stated in *Victor v. Varano*, 2011 WL 5026216, *2 (M.D. Pa. 9-12-11) adopted by 2011 WL 5036016 (M.D. Pa. 10-21-11):

Accordingly, for [a moving party] to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu–Jamal v. Price,* 154 F.3d 128, 133 (3d Cir.1998); *Kershner,* 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey,* 868 F.2d 69, 72 (3d Cir.1989) (emphasis in original), (quoting *Morton v. Beyer,* 822 F.2d 364 (3d Cir.1987)).

14

### D.    *BIVENS* STANDARD

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights

action.  In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen
> suffering a compensable injury to a constitutionally protected
> interest [to] invoke the general federal-question jurisdiction of the
> district court to obtain an award of monetary damages against the
> responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504,
> 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought
> under Bivens is the federal counterpart to an action brought under
> 42 U.S.C. § 1983, and the same legal principles governing a § 1983
> claim apply to a *Bivens* claim.  *Brown v. Philip Morris Inc.*, 250 F.3d
> 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d
> Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3
> (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens*, the plaintiff
> must show that the defendant, acting under color of Federal law,
> deprived him of a right secured by the Constitution or laws of the
> United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at
> *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C.
> § 1983. Individual liability in a civil rights action is personal in
> nature, and a defendant is liable only if he was personally,
> affirmatively involved in the alleged malfeasance. *C.N. v.
> Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005);
> *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997),
> abrogated in part on other grounds by *Burlington N. & Santa Fe Ry.
> Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)
> (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988).
> Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and §
> 1983 suits, a plaintiff must plead that each Government-official
> defendant, through the official's own individual actions, has
> violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct.
> 1937, 1948, 173 L.Ed.2d
> 868 (2009) (collecting cases).

It is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement.  *Id*.  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id*.  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id*.  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability. *See Rode,* 845 F.2d at 1208.

## E.     MOTION FOR DISCOVERY PURSUANT TO RULE 56(d)

In response to Summary Judgment, Rule 56(d) allows the nonmoving party to file a motion to compel discovery.  In *Taylor v. Hughes,* 2012 WL 4327035, *6-7 (M.D. Pa. 2012) the Court state:

> Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:
> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment

> is sought. The court shall grant summary judgment if the movant shows that
> there is no genuine dispute as to any material fact and the movant is entitled
> to judgment as a matter of law. The court should state on the record the
> reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). For purposes of Rule 56, a fact is material if proof of its existence of nonexistence might affect the outcome of the suit under the applicable substantive law. Haybarger v. *Laurence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 412 (3d Cir.2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. (quoting Anderson, 477 U.S. at248–49).

*3 In appropriate instances, in response to a motion for summary judgment, the nonmoving party may file a motion pursuant to Rule 56(d), which provides as follows:

> (d) When Facts Are Unavailable to the Nonmovant.
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery;
> > or
> >
> > (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d). In the declaration accompanying a motion filed pursuant to Rule 56(d), the moving party must specify: "(1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained." *Speth v. Goode*, No. 95–0264, 2012 WL 3277105, at *7 (D.N.J. Aug.9, 2012) (citing *Pa. Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir.2012) (further citations omitted); see also *St. Surin v. Virgin Islands Daily News*, 21 F.3d 1309, 1313 (3d Cir.1994).

If the party opposing summary judgment files an affidavit addressing these requirements, the Third Circuit has held that a continuance for purposes of allowing discovery should be liberally granted. See *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir.2007) ("If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting [summary judgment]."). However, a court may decline to delay ruling on a motion for summary judgment, or may otherwise deny a Rule 56(d) motion, where the additional discovery being sought by the nonmoving party would not preclude summary judgment. *Dowling v. City of Philadelphia*, 855 F.2d 136, 140 (3d Cir.1988). This is because in order for a motion under Rule 56(d) to prevail, the movant must show as a threshold matter (1) what particular information is being sought and (2) how, if uncovered, the information would preclude summary judgment. *Pa. Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir.2012). It necessarily follows that

where the information sought would not preclude summary judgment, or would not be relevant to the Court's inquiry, the motion for discovery under Rule 56(d) may be denied. *Dowling*, 855 F.2d at 140.

## IV.   DEFENDANTS' STATEMENT OF MATERIAL FACTS

As mentioned, Plaintiff raises an Eighth Amendment excessive force claim against remaining Defendants The Captain, Lieutenant Sherman, and Lieutenant Johnson; an Eighth Amendment denial of medical care claim against remaining Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince; and an Eighth Amendment cruel and unusual punishment (deliberate indifference) claim against remaining Defendants Lieutenant Sherman, Lieutenant Johnson, Heather Ladisic, and Beverly Prince.  Plaintiff alleges that Defendants were excessive in their force by using hard restraints and placing them on his wrists too tight, denied him medical care after he was injured by the restraints, and were deliberately indifferent to the harm he suffered during and after the incident.

After the close of discovery, Defendants filed their dispositive motion in response to Plaintiff's Amended Complaint along with a 52-paragraph Statement of Material Facts as required by Local Rule 56.1, M.D. Pa. (Doc. 37).  Further, Defendants submitted several Exhibits to which they cite in support of their Statement of Material Facts.  (Doc. 36).  Plaintiff filed his response to the 52 paragraphs stated in Defendants' Statement of Material Facts.  (Doc. 46).  Plaintiff submitted Exhibits to his response to Defendants' Statement of Material Facts.  (*Id.*)  Plaintiff, in part, cites to the evidence to support some of his denials of Defendants' Statement of Material Facts, including citation to Defendants' Exhibits as well as to his own Exhibits.  (*Id.*)  However, we find that  Plaintiff failed to fully comport with Local Rule 56.1, M.D. Pa., since he did not cite to the evidence to

support each one of his disagreements with Defendants' Statement of Material Facts.  We afforded Plaintiff with ample opportunity to conduct discovery and to file a proper response to Defendants' Statement of Material Facts and Plaintiff was provided with a copy of this Court's pertinent Local Rules, including Rule 56.1.  (Doc. 3).

Since Defendants have properly filed their Statement of Material Facts in support of their Doc. 33 Motion for Summary Judgment, as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by evidence, and since Plaintiff failed to properly deny all of Defendants' Statement of Material Facts, we find that the Court should deem as admitted these improperly denied facts.  *See Carpenter v. Kloptoski*, 2012 WL 911558, *1 (M.D. Pa. March 16, 2012)("Because Plaintiff [a pro se inmate in a §1983 civil rights action] has failed to file a separate Statement of Material Facts controverting the statement filed by Defendant, all material facts set forth in Defendant's statement [] will be deemed  admitted."); *see also Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers,* 2008 WL 3540526 (M.D. Pa.); *Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' Statement of Material Facts as required by L.R. 56.1, M.D. Pa., Defendants' Statement of Material Facts were undisputed).  Thus, we find that Plaintiff has not properly denied Defendants' Statement of Material Facts paragraphs.

Regardless of Plaintiff's failure to properly respond to Defendants' Statement of Material Facts, we accept Defendants' Statement of Material Facts since they are all supported by evidence.

(Doc. 36).  Moreover, as stated, Plaintiff submitted his own response (Doc. 46) and Plaintiff

attached Exhibits (1-5) to said response.  We will also consider Plaintiff's evidence.

Defendants presented arguments A-E in their Document 36 Brief.  The arguments stated in

the document are as follows: (A) Defendants' motion should be granted as Snow has failed to

exhaust his available administrative remedies, (B) Defendants' motion should be granted as the

Defendants' are entitled to Sovereign Immunity, (C) Defendants' motion should be granted as to

Defendants Snider, Sherman and Johnson as Snow failed to allege any personal involvement, (D)

Defendants' motion should be granted as Snow failed to show a violation of his Eighth Amendment

rights, and finally (E) Alternatively, Defendants' motion should be granted as the Defendants are

entitled to Qualified Immunity.  (Doc. 36, p. 2).  For the purposes of this report, we reviewed

Defendants' argument (A) regarding the exhaustion of Plaintiff's administrative remedies.  Many of

Defendants' Statement of Material Facts do not pertain to the exhaustion issue and we do not find

them relevant to our discussion herein.  Plaintiff does not admit to any of Defendants' Statement of

Material Facts.  Since Defendants have properly cited to their evidence in support of the Statement

of Material Facts, we will not repeat the cites of Defendants' evidence herein.

Thus, we do not fully repeat Defendants' Statement of Material Facts.  We will discuss only

the facts relevant to the exhaustion issue below.  We find the exhaustion issue to be determinative

of this case.  We find that Plaintiff has offered evidence to support his contention that "Plaintiff

went over and beyond exhausting his administrative remedies."  (Doc. 46, p. 1-5).  We also find

that Defendants have submitted evidence that Plaintiff failed to properly exhaust his available

administrative remedies with respect to his instant constitutional claims.  We will address the

20

evidence of the parties pertaining to the exhaustion issue.  We will also review Plaintiff's Motion for

Preliminary Injunction, Motion to Stop Summary Judgment and Move Forward with Discovery, and

Motion for Temporary Restraining Order.

## V.   DISCUSSION

### A.   PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants assert that Plaintiff failed to properly exhaust his administrative remedies, with

respect to his constitutional claim regarding the alleged harm he suffered as a result of the incident

involving the hand restraints, as required under the Prison Litigation Reform Act ("PLRA").  *See*

*Spruill v. Gillis*, 372 F.3d 218, 226 (3d. Cir. 2004)(Third Circuit held that the failure to exhaust

administrative  remedies by an inmate constitutes procedural default under the PLRA).

The undisputed evidence submitted by both Plaintiff and Defendants reveals that Plaintiff

exhausted the available administrative remedies to have his May 16, 2011 incident report, for

disruptive conduct and threatening another with bodily harm, expunged.  (Doc. 36-1, pg. 62).  The

records also show that Plaintiff failed to address in his administrative remedies any issues of

excessive use of force, denial of medical care, or deliberate indifference.  (*Id.*)  Therefore, Plaintiff

did not file any grievances regarding his instant claim.

Plaintiff submits Exhibits 1-5 attached to his Document 46 Response to Defendants'

Document 37 Statement of Material Facts.  Plaintiff avers that these Exhibits support his claim that

he exhausted his administrative remedies.  Plaintiff states in his Document 46 response that

"Plaintiff went over and beyond on exhausting his administrative remedies" (Doc. 46, p. 2) and he

then cites to the above mentioned Exhibits.  However, these Exhibits are in support of the Plaintiff's

exhaustion of the appeal for the incident report for disruptive conduct and threatening another with bodily harm.  Plaintiff's Exhibits 1-5 do not contain the allegations Plaintiff alleges in his complaint herein.  Because the evidence submitted by both Plaintiff and Defendants does not contain information regarding Plaintiff's administrative remedies for the constitutional claims he alleges, we are of the opinion that Plaintiff has not exhausted those administrative remedies.

The law is clear that "failure to exhaust is an affirmative defense that must be pled and proven by the Defendant." *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002)(citing *Ray v. Kertes*, 285 F.2d 287, 295 (3d Cir. 2002)).  In *Ray*, the Third Circuit held that a Defendant could raise the exhaustion issue either by a Motion to Dismiss, "in appropriate cases," or by a Motion for Summary Judgment.  *See Ray v. Kertes*, 285 F.2d at 295  n. 8. As  stated, Plaintiff alleged facts in his pleadings relating to exhaustion of his claim.  The Supreme Court has held in *Jones v. Block*, 549 U.S. 199 (2007), that a Plaintiff is not required to plead exhaustion.  Our Defendants have raised the exhaustion defense in their Document 36 Motion to Dismiss and for Summary Judgment. Thus, in the present case, the exhaustion defense must be demonstrated by the Defendants  using evidence outside of the pleadings and in such a case, it is appropriate for Defendants to raise and prove the exhaustion issue by a Summary Judgment Motion.  In the present case, both Plaintiff and Defendants have submitted numerous Exhibits outside of the pleadings to support their positions regarding the exhaustion issue.

"It is well-settled that where there are factual questions concerning the extent of an inmate's efforts to exhaust [his] grievances summary judgment in favor of the Defendants clearly is not appropriate." *Williams v. Bledsoe*, 2013 WL 5522848, *18 (M.D. Pa. Oct. 3, 2013)(citations

omitted).  However, in the present case, we find that there are no factual disputes that Plaintiff did not properly exhaust his administrative remedies with respect to his constitutional claim that he experienced Eighth Amendment violations by excessive use of force, denial of medical care, and cruel and unusual punishment (deliberate indifference), at USP-Lewisburg.  Further, the exhaustion issue is a legal question for the Court to decide, even if that determination requires the resolution of disputed facts.  *See Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013); *Breeland v. Fisher*, 2013 WL 5935046 (M.D. Pa. Nov. 5, 2013) ("Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts.")(citing *Small v. Camden County*, *supra*); *see also  Breeland v. Cook*, 2013 WL 5924592 (M.D. Pa. Oct. 31, 2013)(citing *Small v. Camden County*, *supra*).

"The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow."  *Rogers v. U.S.*, 696 F.Supp.2d 472, 483 (W.D.Pa. 2010)(citing *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000)).

Furthermore, because the exhaustion issue is a threshold issue and because we find that Plaintiff failed to properly exhaust the available administrative remedies, we find that the Court does not need to address Defendants' four other arguments in their Motion to Dismiss and for Summary Judgment.  (Doc. 36, p. 2).

A prisoner is barred from bringing a civil rights action in federal court "until such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a). As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must exhaust his  administrative remedies prior to filing a civil rights suit.  *See Mitchell v. Dodrill*, 696 F.Supp.2d 454 (M.D. Pa.

2010); *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002).  "A prisoner may not satisfy the exhaustion requirement after the filing of his complaint."  *Wallace v. Miller*, —Fed.Appx—, 2013 WL 5878903, *2 (3d Cir. Nov. 4, 2013)(citing *Ahmed v. Dragovich*, *supra*).

In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D.Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted).  Further, as mentioned, the Defendants have the burden to plead and prove exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

Thus, the Third Circuit has repeatedly stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted);   *Wallace v. Miller*, —Fed.Appx—, 2013 WL 5878903, *2.  The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded.   *Banks v. Roberts*, 2007 WL 3096585, * 1*; Spruill v. Gillis,* 372 F. 3d 218, 228-230 (3d Cir. 2004); *see also Nyuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000); *Cooper v. Sniezek*, 2010 WL 3528848, *7-*8 (M.D. Pa. 9-7-10); *Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64.

24

The *Cooper* Court stated:

> A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.
> *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71. The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."*Id.* at 90-91. Such
> 25
> requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93 (quoting *Nussle,* 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis,* 372 F.3d 218, 227-32 (3d Cir.2004). 2010 WL
>
> 3528848, *7.

As discussed, there is no dispute that the administrative remedy process applies to the claim Plaintiff asserts in this case. Also, the undisputed evidence shows that Plaintiff never filed a formal Grievance regarding the constitutional claims he alleges. In fact, in his opposition brief, Plaintiff

readily cites to the Exhibits containing his appeal from a disruptive incident, but cites to them in regards to his constitutional claims.

In *Hughes v. Beard*, 2010 WL 1329009, *2 (M.D. Pa. March 29, 2010), the Court stated that "[w]e have no discretion with regard to exhaustion; it is mandatory." (citing *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378 (2006)).  "The law requires 'proper' exhaustion, that is, the prisoner must comply with appropriate deadlines and other critical procedural rules." *Id.*(citing *Woodford v. Ngo*, *supra*).  "Thus, a Plaintiff has not properly exhausted his administrative remedies if he sought administrative review in an untimely manner." *Id.*(citing *Woodford v. Ngo*, *supra; Spruill,* 372 F.3d 228-29).

As stated, a Motion for Summary Judgment may not be granted unless there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the suit. *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).  Here, the Defendant cited to Attachment 1 which contains the May 16, 2011 incident report for disruptive conduct and threatening another with bodily harm. (Doc. 36-1).  We agree with Defendants that this report represents Plaintiff exhausting his administrative remedies for that particular incident, but not for the constitutional claims Plaintiff makes herein.  The record does not reflect any other report, that could support Plaintiff's claim that he exhausted his administrative remedies for his constitutional claims.

We agree that the Defendants have shown there is no genuine issue of material fact. Because of this, the burden switches to the Plaintiff to show the existence of a genuine issue.  Here, Plaintiff has attempted to reveal evidence pertaining to the exhaustion of administrative remedies

for his constitutional claims (Doc. 20, p. 15), however they merely support Defendants' contention that he has exhausted a different claim.  In viewing the evidence in the light most favorable to the Plaintiff, we agree that Defendants should succeed on their Motion for Summary Judgment.

Accordingly, we will recommend that the Court grant Defendants' Summary Judgment Motion (Doc. 33) and, enter Judgment in favor of Defendants and against Plaintiff.

**B.      PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. 17)**

As noted, the moving party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief.  *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Arthur Treacher's*, 689 F.2d at 1143; *see also Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144 (3d Cir. 2008); *Ball v. SCI-Muncy*, 2010 WL 4352929, *4.

In Plaintiff's Motion for a Preliminary Injunction, Plaintiff requests a change of prison and no ambulatory restraints be put on him until he is moved and the outcome of the complaint is final. **(Doc. 17)**.  As discussed below, the Court will deny Plaintiff's Motion for a Preliminary Injunction. *Id.*

Plaintiff has failed to show the likelihood of success on the merits.  In the Plaintiff's Document 18 Brief in support of the Preliminary Injunction, Plaintiff states that he is very likely to

prevail on the merits and goes on to discuss the eighth amendment claims previously mentioned. We find Plaintiff's claims meritless.  As mentioned in the previous analysis, Plaintiff's claims will not be permitted to move forward since he has not exhausted all of the administrative remedies available to him.  Because he has not exhausted these remedies as they pertain to the constitutional claims Plaintiff alleges, he does not have a reasonable likelihood of success on the merits, and therefore does not meet the first prong.

Although Plaintiff does not meet the first prong, which is required for a Motion for Preliminary Injunction, in an abundance of caution we will discuss the remaining three prongs. Plaintiff has not presented evidence to support that he will suffer irreparable harm by the denial of the injunction, that granting the relief will not result in even greater harm to the other interested party, or that the public interest will not be adversely affected by the granting of relief.  Plaintiff has stated in his Document 18 Brief that, "As a result of being denied an opportunity to medical attention and treatment, Plaintiff has suffered and continues to suffer serious physical and mental injuries." (Doc. 18, p. 3).  Although Plaintiff makes these allegations, there is no evidence in the record to support his claims.  As it stands, there has been no evidence presented to indicate Plaintiff has suffered harm.  He has also failed to present evidence that the prison officials will not suffer a greater harm and that the public interest will not be adversely affected by the granting of relief. Thus, Plaintiff does not meet the last three prongs.

Accordingly, we will recommend that the Court deny Plaintiff's Motion for Preliminary Injunction.  (Doc. 17).

**C.     PLAINTIFF'S MOTION TO STOP SUMMARY JUDGMENT AND MOVE FORWARD WITH DISCOVERY (DOC. 57)**

In Plaintiff's Motion to Stop Summary Judgment and Move Forward with Discovery

he states:

> I.     Rule 56(d) serves the valuable purpose of assuring that diligent litigants are assured a pre-ruling opportunity for fair discovery.  See Dennis v. Osram Sylvania, Inc., 549 F. 3d 851, 860 (1st Cir. 2008).  A party seeking Rule 56(d) relief must specifically ask that the Court either deny the Summary Judgment Motion or defer ruling on it until discovery is complete.  See: Bean v. O.K. Industries, Inc., 495 F.3d 1217, 1235 (10th Cir. 2007).  A Rule 56(d) movant must make three showings: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery could preclude the entry of Summary Judgment; and (3) a statement justifying why this discovery had not been or could not have obtained earlier.  See: Raby v. Ciringston, 600 F.3d 552, 561 (5th Cir. 2010).

> II.    Plaintiff avers this Court to grant this 56(d) motion and the affidavit in support to show plaintiff [sic] three showing.  Based upon Rule 56(d) it states: "If a non movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>> (1) defer considering the motion or deny it;
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>> (3) issue any other appropriate order.

(Doc. 57).

In Plaintiff's Declaration in Support of Rule 56(d) Motion he states:

> 1.     Please declare; Plaintiff have received all documents, email, record and reports of Plaintiffs's mental condition as to why he was put on suicide-watch on May 13, 2011 and [sic] be on

> 2.     Please declare; that [sic] Plaintiff mental condition as to his history of medication, psychological review, treatment and counseling is the appropriate thing for mentally ill patients put in hard ambulatory restraints;

3.      Plaintiff states that [sic] do to the confidentiality of inmate to doctor this discovery [sic] have not been [sic] easially to retrieve, through the F.O.I.A. 5 USC Section 552(a),(b),(c), and (d).  Plaintiff [sic] have yet to retrieve it.  These documents would not just show how excessive force was used intentionally for punishment, pain, and torture.  It will also show the Defendant's did it deliberately with malice without caring what mental state an inmate is in.

(Doc. 58).

According to the Third Circuit the in response to Summary Judgment, Rule 56(d) allows the nonmoving party to file a Motion to Compel Discovery.  The nonmoving party must state, "(1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained." *Speth v. Goode*, No. 95–0264, 2012 WL 3277105, at *7 (D.N.J. Aug.9, 2012) *(citing Pa. Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir.2012) (further citations omitted); *see also St. Surin v. Virgin Islands Daily News*, 21 F.3d 1309, 1313 (3d Cir.1994).

Earlier in this Report and Recommendation we addressed Plaintiff's failure to exhaust his administrative remedies for the claim he now brings to this Court.  Therefore, he is barred from raising these claims until he has exhausted available administrative remedies. Accordingly, we will recommend that the Court grant Defendants' Motion to Dismiss and Summary Judgment Motion (Doc. 33) and, enter Judgment in favor of Defendants and against Plaintiff.  This Court is of the opinion that the Motion to Stop Summary Judgment and Move Forward with Discovery (Doc. 57) and Brief in Support (Doc. 58) do not include additional information that would show cause for this Court to reach any other conclusion. Although we do not find it necessary, we will now analyze Plaintiff's Motion and Brief in

Support to Stop Summary Judgment and Move Forward with Discovery.  (Doc. 57, 58).

Plaintiff does not meet the elements of a Rule 56(d) Motion, therefore it should be denied.  A Rule 56(d) Motion to Compel Discovery has three elements.  In regard to the first element, what particular information is sought, the Plaintiff does not state the specific information or documents he is seeking in his Motion.  He merely states that, "these documents would not just show how excessive force was used intentionally for punishment, pain, and torture it will also show the defendants did it deliberately."  (Doc. 58).  Plaintiff's Declaration in Support of Rule 56(d) Motion does not specify what documents the Plaintiff is referring to, therefore this element is not met.

In regard to the second element, how those documents if uncovered would preclude Summary Judgment, the Plaintiff's Declaration does not contain any specific information that would lead the Court to decide the element is met.  In order to preclude Summary Judgment the Plaintiff would have to submit documents that show this Court that he has exhausted his administrative remedies on the claims he now submits.  Nothing in the Document 58 Declaration suggests that these are the documents Plaintiff wishes to submit.  He also does not state specific reasons why the documents he is looking to obtain would preclude Summary Judgment.  Because of this, the second element is not met.

Finally, the third element, why the documents have not been previously obtained, is also not met.  The Plaintiff states in his declaration that due to "confidentiality" between the doctor and the inmate "discovery has not been easy to retrieve".  (Doc. 58).  These statements do not help the Court understand what documents the Plaintiff is referring to nor

why they have not been obtained.  The Plaintiff does not explain why the "confidentiality"

has made it difficult to obtain the "discovery", therefore this element is also not met.

Accordingly, we recommend that the Court deny Plaintiff's Motion to Stop Summary

Judgment and Move Forward with Discovery.  (Doc. 57).

### D.    PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. 59)

Plaintiff's Document 59 Motion for Temporary Restraining Order states:

> Notice: Of retaliation against Plaintiff by Defendants counterparts and Request
> for an Order reminding Defendants of their obligation to retain from directly
> or indirectly retaliating against Plaintiff for exercising his Constitutional right to
> litigate the issues in this case of 3:CV-13-0789

> Summary of Retaliation:
> I.         On June 24, 2014 Plaintiff an inmate at U.S.P.-Lewis,
> Pennsylvania, Special Management Unit (SMU), came from rec around
> 12:30 o'clock.  Plaintiff was [sic] escort by staff to conduct a body
> search while his cell was being shook down by the shakedown crew.
> After Plaintiff and cell return back to their cell.  The cell was trashed
> with Snow's legal material all over the cell and none of his cell legal
> material damaged or missing.  After [sic] a hour or so cleaning up the
> cell, Plaintiff note over half (20 inches) of his [sic] valueable legal
> material missing.
> II.        Plaintiff [sic] was file all the appropriate administrative action for
> this matter.  However, that doesn't retrieve or assist Plaintiff right now
> in this matter litigating blindly pro-se.  Plaintiff request that this Court
> issue an Order, reminding Defendants of their obligation to refrain
> from directly and indirectly retaliating against Plaintiff for exercising his
> Constitutional right to litigate.  And record this in the record of
> Plaintiff's Notice.

(Doc. 59).

As previously mention in this Report and Recommendation, the moving party seeking a

preliminary injunction must demonstrate: (1) the  likelihood of success on the merits; (2) that the

party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not

result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Arthur Treacher's*, 689 F.2d at 1143; *see also Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144 (3d Cir. 2008); *Ball v. SCI-Muncy*, 2010 WL 4352929, *4.

In respect to element one, Plaintiff does not demonstrate that he would be successful on the merits. As previously mentioned, Plaintiff has not exhausted his administrative remedies. Because he has not done this, he will not be successful on the merits. Plaintiff needs to exhaust the administrative remedies that pertain to the current Constitutional claims he is raising.

For elements two through four, Plaintiff does not demonstrate how he will suffer irreparable harm by the denial of the injunction, how granting relief will not result in greater harm to the other interested party, nor how the public interest will not be adversely affect by the granting of relief. There are no details about this incident included in the Plaintiff's Motion (Doc. 59), therefore there is no information indicating that this was in fact retaliation. The Court has no way of understanding whether the Plaintiff will suffer harm by the denial of the injunction, whether the Defendants will not suffer greater harm by granting relief, or whether the public interest will not be adversely affected by the granting of relief. There is no evidence included with this motion about what documents were taken (whether they are authorized documents), what administrative remedies the Plaintiff alleges to have taken, and/or if this was a retaliatory "shakedown" or whether it was

ordinary protocol.

Because the elements are not met it is recommended the Court deny Plaintiff's Motion for Temporary Restraining Order.  (Doc. 59).

**VI.      RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss and for Summary Judgment **(Doc. 33)** be granted, and that the Court enter Judgment in favor of Defendants and against Plaintiff.  The Plaintiff's Motion for Preliminary Injunction **(Doc. 17)**, Motion to Stop Summary Judgment and Move Forward with Discovery **(Doc. 57)**, and Motion for Temporary Restraining Order **(Doc. 59)** are **denied**.

Finally, it is recommended that the Court close this case.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 11, 2014**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHANDAR A. SNOW, | : | CIVIL ACTION NO. **3:CV-13-0789** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, *et. al*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 11, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the magistrate
judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 11, 2014**